

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

MEMO ENDORSED

April 5, 2017

**BY EMAIL**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: *United States* v. *Chukwuemeka Okparaeke, a/k/a "Emeka"*
     17 Mag. 1972

Dear Judge Karas:

  The Government writes to respond to the defendant's email to Your Honor's courtroom deputy objecting to the Government's proposed order on the basis that "it is a consent detention not a 'Court finding.'"

  To start, under 18 U.S.C. § 3142(a), a defendant may be detained pending trial only "under subsection (e) of this section."[1] Subsection (e), in turn, provides for detention upon the Court's finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e)(1). Thus, even when the defendant consents to detention, the Court still must make a finding as to the defendant's risk of flight and dangerousness.

  The defendant's objection to the entry of the Government's proposed order is not well-founded. The defendant "consented" to detention when he was arrested subject to his right to make a later application and he did just that. The defendant then sought and obtained an order granting bail. The Government's appeal from that order is far from moot because that order and its accompanying findings still stand. The defendant should not be permitted to game the system and try to maintain a judicial order with findings that he is entitled to bail—an order which the defendant can invoke whenever he determines that he can meet the conditions set by the Magistrate Judge. The Government believes that the order should be vacated either by a finding by this Court on consent, or by permitting the Court to make its own findings if persuaded by the Government's arguments on appeal, that this defendant, an international trafficker of fentanyl

---

[1] 18 U.S.C. § 3142(a)(3) provides for temporary detention under circumstances not applicable in this case.

Page 2

analogues, is an extreme flight risk and danger to the community and should not have been bailed.

The defendant can always revisit bail subject to 18. U.S.C. § 3142(f)(2)(B), which says "[t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Accordingly, the Government respectfully requests that the Court enter the Government's proposed order. In the alternative, the Government requests that the Court retain jurisdiction such that any future bail application will be heard by Your Honor.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: /s/ Olga Zverovich
Olga I. Zverovich
Gillian Grossman
Assistant United States Attorneys
914-993-1927/1959

Cc: Susanne Brody, Esq., Counsel for Defendant

Denied

So Ordered

4/5/17