UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

        -against-

CHUKWUEMEKA OKPARAEKA,

        Defendant.


------------------------------------------------------------X

17-CR-225 (NSR)


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHUKWUEMEKA OKPARAEKE'S ADDITIONAL AND SUPPLEMENTAL PRETRIAL MOTIONS**

THE MIRVIS LAW FIRM, P.C.
28 Dooley Street
Suite 301
Brooklyn, New York 11235
Ph:   (718) 934 – 4141
Fax:  (718) 228 – 8408
Mirvis.tony@gmail.com

*Attorney for Defendant*
*Chukwuemeka Okparaeke*

I.   PRELIMINARY STATEMENT ................................................................................... 3
II.  INTRODUCTION ......................................................................................................... 4
III. FACTUAL BACKGROUND ....................................................................................... 5
IV.  EVIDENCE DERIVED FROM THE UNLAWFUL SEIZURE AND SEARCH OF MR. OKPARAEKE'S MAIL AND PACKAGES MUST BE SUPPRESSED ................................................................................................................. 5
   A.   Introduction ............................................................................................................. 5
   B.   Discussion ................................................................................................................ 5
V.   ALL EVIDENCE DERIVED FROM AN UNLAWFUL SEARCH OF MR. OKPARAEKE'S CELLULAR TELEPHONE MUST BE SUPPRESSED .................. 7
   A.   The Samsung Galaxy S5 Warrant affidavit failed to establish Probable Cause that Okparaeke was distributing narcotics ................................................................. 7
   B.   There was no nexus between Okparaeke's phone and narcotics trafficking ............... 9
   C.   The Good Faith Exception doesn't apply ................................................................. 11
VI.  THE BROWSING HISTORY OBTAINED DURING AN UNLAWFUL SEARCH OF MR. OKPARAEKE'S PHONE MUST BE SUPPRESSED ................ 12
VII. CONCLUSION ........................................................................................................... 15

I.        PRELIMINARY STATEMENT

Defendant Chukwuemeka Okparaeke ("Okparaeke") respectfully submits this Memorandum of Law in support of his additional and supplemental pretrial motions for an order: (1) Suppressing all evidence derived from an unlawful seizure and search of Mr. Okparaeke's mail and packages; (2) Suppressing all evidence derived from an unlawful search of Mr. Okparaeke's cellular telephone; (3) Suppressing evidence of the browsing history obtained during an unlawful search of Mr. Okparaeke's phone; and (4) Granting such other relief this Court deems just and proper.

The within motions are respectfully filed in addition to and to supplement Mr. Okparaeke's pretrial motions filed on December 26, 2017 which requested the following relief: (I) Suppressing all evidence derived from an unlawful seizure, detention and arrest of Mr. Okparaeke on or about February 1, 2017 at the Middletown Post Office, a USPS Facility; (II) Suppressing all evidence derived from an unlawful search of Mr. Okparaeke's cellular telephone, a Samsung Galaxy S5 Cellphone with Assigned Call Number 908-596-0661; (III) Suppressing geolocation, cell-site information and all evidence obtained as a result of the execution of a GPS Real Time Location Data warrant issued in Fairfax County Virginia; (IV) Suppressing all evidence derived from an unlawful detention, seizure and search of 43 postal packages by USPIS; and (VI) Suppressing all evidence obtained from the execution of search warrants for the following properties: (a) 344 Kearny Avenue, Unit 1, Kearny, New Jersey 07032, issued on March 20, 2017, by US Magistrate Judge Mannion; (b) 644 Silver Lake Scotchtown Road, Apt. 15H, Middletown, New York 10941, issued on March 17, 2017, by US Magistrate Judge McCarthy; (c) Dark blue/black Samsung Galaxy S5 Cellphone, Model

3

SM-G920P, with Teal and Clear Phone Case, FCC ID # A3LSMG(@)P, and DEC # 256691545606694227, issued on April 12, 2017, by US Magistrate Judge Davison; (d) White Honda Accord with License Plate HAV7230, issued on March 20, 2017, by US Magistrate Judge Mannion; and (e) Granting such other relief this Court deems just and proper.

## II.   INTRODUCTION

Mr. Okparaeke was arrested on March 20, 2017 and charged by Complaint with Conspiracy to distribute and possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846. Mr. Okparaeke is charged with conspiring with others to distribute 100 grams or more of mixtures and substances containing a detectable amount of an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide.

On April 12, 2017 an Indictment was filed charging Mr. Okparaeke with (1) Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, Section 841 and 846; (2) Attempt to Import into the United States a Controlled Substance in Violation of Title 21, United States Code, Sections 952, 960 and 963; and (3) Attempt to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841 and 846. Mr. Okparaeke consented to detention without prejudice, has been incarcerated since the date of his arrest and is currently being housed at the Metropolitan Detention Center in Brooklyn, New York. On March 5, 2018 the Government filed a five count Superseding Indictment.

### III. FACTUAL BACKGROUND

For the purpose of brevity, Mr. Okparaeke repeats and re-alleges the facts alleged in the Factual Background section of Mr. Okparaeke's Memorandum of Law filed on December 27, 2017.

### IV. EVIDENCE DERIVED FROM THE UNLAWFUL SEIZURE AND SEARCH OF MR. OKPARAEKE'S MAIL AND PACKAGES MUST BE SUPPRESSED

#### A. Introduction

Subsequent to the arrest of Mr. Okparaeke on March 20, 2017, United States Postal Inspection Service Inspector Brad Ruggeri seized, without a warrant, various pieces of mail and packages sent to Okparaeke's Middletown New York residence, packages delivered to a UPS store mailbox registered to Okparaeke, and mail and packages that were at the Middletown New York post office. All of the seizures happened on March 23, 2017 through March 30, 2017.

Ruggeri eventually got a warrant on April 12, 2017 to search and seize the packages. Okparaeke moves to suppress any and all evidence derived from these seizures because Ruggeri violated Okparaeke's Fourth Amendment rights by seizing his items without a warrant.

#### B. Discussion

The Fourth Amendment protects the rights of the people "to be secure in their person, houses, papers and effects, against unreasonable searches and seizures." U.S. Const., Amend IV.

Mr. Okparaeke's has standing to challenge the seizure and search of his mail and packages. (See attached Defendant's Affidavit). There is no question that Ruggeri seized Okparaeke's mail and packages. A seizure of property occurs for the purposes of the Fourth Amendment if the police meaningfully interfere with an individual's possessory interest in that property. See *Soldal v. Cook County,* 506 U.S. 56, 61 (1992). Ruggeri, seized Okparaeke's mail and packages the instant he took them into his custody. There is also no question that these seizures were without a warrant. Ruggeri was eventually issued a warrant by a federal judge on April 12, 2017 to search and seize the packages that were already seized in March 2017.

This illegal seizure tainted the evidence derived from the April 12, 2017 search warrant. As the Supreme Court has recently observed, "the exclusionary rule encompasses both the primary evidence obtained as a direct result of an illegal search or seizure," as well as "evidence later discovered and found to be derivative of an illegality, the so called "fruit of the poisonous tree." *Utah v. Strieff*, 136 S.Ct. 2056 (2016). The evidence derived from these packages should be suppressed because, "The deterrence interest that lies behind the exclusionary rule weigh strongly here. The police should know that there are exclusionary consequences when they engage in conduct that any reasonable law enforcement officer would know is a violation of the Fourth Amendment." *United States v. Robertson*, 239 F.Supp.3d 426, (2nd Cir. 2017). In Robertson, the court ordered the suppression of the fruits of a search warrant for a safe. The safe had been removed from an apartment without a warrant. The court ruled that the exigent circumstances exception to the warrant requirement didn't apply and that the plain view exception to the warrant requirement didn't apply. The police in this case

claimed the safe was seized for safe keeping for two days. The court in Robertson found that the two-day delay between the seizure and the search warrant was much more than necessary. In the instant case, the delay between getting a warrant for the various seizures that Ruggeri made was at least 12 days and as much as 19 days. There is no question Ruggeri could have gotten a warrant that allowed him, for a time period, to seize the packages delivered to Okparaeke's residence and to the Wappinger Falls, New York UPS store mailbox. Instead, Ruggeri decided to violate Okparaeke's Fourth Amendment right and seize Okparaeke's mail and packages without any judicial approval. Ruggieri did not remedy his unlawful seizure by obtaining a search warrant twelve to nineteen days after the unlawful seizure of the packages.

Wherefore, the evidence derived from the unlawful seizure and search of Mr. Okparaeke's mail and packages must be suppressed.

V.     **ALL EVIDENCE DERIVED FROM AN UNLAWFUL SEARCH OF MR. OKPARAEKE'S CELLULAR TELEPHONE MUST BE SUPPRESSED**

A.     **The Samsung Galaxy S5 Warrant affidavit failed to establish Probable Cause that Okparaeke was distributing narcotics**

On page 7 of his affidavit in support of searching and seizing Okparaeke's phone, Ruggeri claims, "... I respectfully submit there is probable cause to believe that Okparaeke is engaged in the Subject Offenses, and the evidence of this criminal activity is likely to be found on the Subject Device." The "Subject Offenses" were violations of section 841 and 846 of Title 21 (conspiracy to distribute and possess with intent to distribute 1 kilogram or more of fentanyl). The terms conspiracy and distribute are well defined in case law and the United States Code Service. "Conspiracy itself has been

7

defined as an agreement or concert of action." *United States v. Aloi*, 511 F.2D 585 (2d Cir. 1974). The term distribute is defined in the USCS as, "... to deliver... a controlled substance or a listed chemical."

Ruggeri failed to establish that there was probable cause that Okparaeke was engaged in a conspiracy to distribute narcotics. "Probable cause is a compilation of facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." *Michigan v. Defillippo*, 443 U.S. 31 (1979). "The burden of establishing probable cause rests with the police, who must establish that there was a quantum of evidence which amounted to more than a rumor or suspicion, or even a strong reason to suspect." *Travis v. Village of Dobbs Ferry*, 355 F.Supp.2d 740, (2d Cir. 2005). Ruggeri failed to provide any evidence that Okparaeke was engaged in the distribution of narcotics, possession of narcotics with the intent to distribute, and a narcotics conspiracy. The affidavit details the interception of a substance that tested positive for fentanyl, a controlled delivery of the package and an interview of Okparaeke. The interview only gleaned the fact that Okparaeke used Privnote to learn about the package, that Okparaeke never met the individual who arranged for the packages shipment, and that Okparaeke routinely sent packages to an address in Ohio. It was objectively unreasonable for Ruggeri to think this added up to evidence that Okparaeke was engaged in a drug conspiracy. Ruggeri didn't have a controlled buy or any surveillance of Okparaeke engaging in drug sales. Ruggeri didn't have a cooperating coconspirator or a confidential informant claiming Okparaeke was engaged in drug dealing. On page 7 of the affidavit, Ruggeri claims, "...based on my

training and experience, I am aware that like individuals engaged in any other kind of activity, individuals who engage in narcotics trafficking store records... on electronic devices such as the Subject Device." This may be true but is irrelevant in regards to Okparaeke because Ruggeri had no facts or circumstances to establish that Okparaeke was engaged in narcotics trafficking. The colloquial definition of "narcotics trafficking" is the buying of drugs from wholesale sellers and redistributing them for a profit. Courts have deemed cell phones "tools of the trade" of drug dealing but again, there were no facts and circumstances to lead Ruggeri to believe that Okparaeke was trafficking narcotics. There was no evidence that Okparaeke knew the box contained a controlled substance. Ruggeri did not present Judge Davison with evidence that Okparaeke acted in a suspicious manner (e.g. running from the police for example) that would be indicative of the fact that Okparaeke knew the package contained drugs. Ruggeri's belief that Okparaeke was engaged in the subject offenses was based on pure suspicion and not on the facts and circumstances as required by the Supreme Court. See e.g. *Illinois v. Gates,* 462 U.S. 213.

**B.     There was no nexus between Okparaeke's phone and narcotics trafficking**

Ruggeri's warrant to search Okparaeke's phone failed to provide any nexus between Okparaeke's phone and the drug distribution alleged to be occurring by Ruggeri. The affidavit to search Okparaeke's phone mentions that Okparaeke was called by the Middletown post office and Okparaeke had the phone near him when he was interviewed by federal agents. Ruggeri also stated that based on training and experience, Okparaeke's phone could access the internet. Never, on the affidavit, did Ruggeri connect the phone to the supposed narcotics trafficking via direct evidence. Ruggeri could have connected

9

Okparaeke's phone to the crime without direct evidence because, "a showing of a sufficient nexus between the alleged criminal activities and the premises to be searched 'does not require direct evidence and may be based on reasonable inference from the facts presented based on common sense and experience." *United States v. Singh*, 390 F.3D 168 (2d Cir. 2004). In relation to the phone, Ruggeri only referenced his training and experience to give Judge Davison the golden nugget of wisdom that Okparaeke's phone could access the internet. Almost every single phone sold in the United States since the introduction of the IPhone in 2007 has had the ability to access the internet as a standard feature; Ruggeri never told Judge Davison that Okparaeke accessed Privnote on his phone. Privnote could have been accessed from Okparaeke's desktop computer, his laptop computer, his tablet, his phone, and even his car dashboard. Ruggeri never explained why the phone's ability to access the internet would reveal evidence of the Subject Offenses.

On page 6 of the affidavit Ruggeri writes, "During the interview of OKPARAEKE... OKPARAEKE had the subject device on or near his person." Okparaeke's possession of a mobile phone did not create a fair probability that a search of Okparaeke's phone would reveal evidence of a crime because cell phone use and ownership is near universal. The Supreme Court in *Riley v. California*, 134 S.Ct. 2473, made note of the hundreds of millions of mobile phones owned by Americans, "...more than 90% of American adults... own a cell phone... According to one poll... nearly three-quarters of smart phone users report being within five feet of their phones most of the time."

There must be a "nexus between the items sought and the particular place to be searched." *United States v. Clark*, 638 F.3d 89 (2d Cir. 2010). Ruggeri's claim that

10

Okparaeke's phone was near him and observation that the factory that produced it endowed it with internet browsing ability was insufficient to establish probable cause because, "Probable cause exists when there is a "fair probability that the premises will yield the objects specified in the search warrant." *United States v. Muhammad*, 520 F. Appx. 31 (2d Cir. 2013).

C. **The Good Faith Exception doesn't apply**

The lack of probable cause doesn't end the inquiry. When a warrant is not supported by probable cause a reviewing court must consider whether or not the police officers executing the warrant acted reasonably. In *United States v. Herron*, 215 F.3d 812 (8th Cir. 2003), the Eighth Circuit held that the good-faith exception does not save a search warrant where the supporting affidavit provided no evidence of illegal activity at the address searched. Other circuits courts have found police reliance on warrants entirely unreasonable where the supporting affidavits failed to demonstrate a nexus between the suspected criminal activity and the place to be searched. *See United States v. Brown*, 828 F.3d 375 (6th Cir. 2016)(concluding the district court erred in denying a motion to suppress and that reliance on the warrant was entirely unreasonable where the affidavit did not draw a "plausible connection to the residence" to be searched); *United States v. Underwood*, 725 F.3d 1076 (9th Cir. 2013)(affirming district court's suppression and concluding that the Leon exception did not apply where the affidavit provided "no factual basis for the conclusion that drug trafficking evidence would be found at [the defendant's] home."; *United States v. Gonzales*, 399 F.3d 1225 (10th Cir. 2005)(finding the Leon exception inapplicable where the affidavit lacked a "factual basis connecting the place to be searched to the defendant or suspected criminal activity" so that reliance on the

warrant "was entirely unreasonable"); *United States v. Laughton*, 409 F.3d 744, (6th Cir. 2005)(reversing a district court decision based on the Leon exception were there was no "modicum of evidence, however slight, to connect the criminal activity to the place to be searched").

Like the aforementioned cases, Ruggeri failed to connect Okparaeke's phone to any criminal activity with direct evidence or by inference. Unlike the aforementioned cases, Ruggeri also failed to link Okparaeke to the crime for which evidence was being searched for. Ruggeri's belief that evidence of drug conspiracy would be found on Okparaeke's phone was based on pure suspicion because he had no facts or circumstances that Okparaeke had conjoined with another person to violate the narcotics laws of the United States, or facts or circumstances that Okparaeke was selling drugs. As a direct result of the deficiency, the Good Faith Exception set forth in Leon does not apply. The warrant affidavit, which failed to provide facts and circumstances that Okparaeke was involved in drug trafficking and failed to connect Okparaeke's phone to the drug trafficking was "so lacking in indicia of probable cause that it was objectively unreasonable to believe in its existence." *United States v. Leon*, 468 U.S. 897 (1984).

### VI. THE BROWSING HISTORY OBTAINED DURING AN UNLAWFUL SEARCH OF MR. OKPARAEKE'S PHONE MUST BE SUPPRESSED

In Okparaeke's first pretrial motion, Okparaeke moved to suppress the fruits of the search of the internet browsing history from his Samsung Galaxy S5 seized on February 7, 2017. The scope of the search warrant was:

1. Evidence concerning the identity of the owner(s) or user(s) of the Subject Device;

2. Evidence concerning the identity or location of, and communications with, co-conspirators;

3. Records (including financial and postal records), calendar, and scheduling information related to the Subject offenses; and

4. Photographs and videos related to the Subject Offenses

The government, in its opposition to Okparaeke's motion argued that internet browsing history did not establish a nexus between the Subject Device and Okparaeke. Nowhere in the browsing history is a connection made between the Samsung Galaxy S5 and Okparaeke. The government next called Okparaeke's browsing history a record. Ruggeri on the affidavit described records as, "logs of online "chats" with co-conspirators; email correspondence; and contact information of co-conspirators, including telephone numbers, email addresses, and identifiers for instant messaging and social media accounts.... Individuals engaged in criminal activity often store such records in order to, among other things, (1) keep track of co-conspirators' contact information; (2) track information pertaining to expected shipments or deliveries of narcotics; and (3) keep an accounting of illegal proceeds..." Furthermore, Ruggeri defined chat as, "any kind of communication over the Internet that offers real-time transmission of text messages from sender to receiver...This feature distinguishes chatting from other text based online communications such as Internet forums and email." Internet browsing history and the discussion forums Okparaeke frequented are clearly outside the scope of the warrant.

Ruggeri when describing a record didn't use the phrases internet browsing history and internet forum and distinguished internet chats from forums like Reddit.com. Courts

13

should look directly to the text of the search warrant to determine the permissible scope of an authorized search. *See Groh v. Ramirez*, 540 U.S. 551 (2004). "In determining the permissible scope of a search that has been authorized by a search warrant... we must look to the place that the magistrate judge who issued the warrant intended to be searched..." *United States v. Voustianiouk*, 685 F.3d 206 (2d Cir. 2012). Internet browsing history went unmentioned and it is clear from the affidavit and attachment that internet browsing history was distinguished explicitly from chats and records.

Even if Ruggeri exceeded the scope of the warrant, courts may address if the evidence found may be admissible under the Good Faith Exception. When assessing whether evidence found outside the scope of the warrant should be admitted, the question the court must ask is: "Would a reasonable police officer have believed that this was within the scope of the warrant?"

The government cannot rely on this exception because Ruggeri knew that the first search warrant didn't authorize a search of his browsing history because he explicitly included it on Attachment A of the April 12, 2017 search warrant to search Okparaeke's phone that was seized incident to his arrest. In the affidavit of the April 12, 2017 warrant, Ruggeri wrote, "I have learned from the cellphone's browsing history that OKPARAEKE frequently visited the website Reddit.com, which among other things allows users to post comments and engage in discussion forums." Knowing that Okparaeke routinely visited Reddit.com on his first phone, Ruggeri explicitly included browsing history on Attachment A. The defense can only infer by the explicit inclusion of browsing history that Ruggeri knew that internet browsing history wasn't a record or "evidence concerning the identity of the user(s) or owner(s) of the Subject Device. It was unreasonable for

14

Ruggeri to exceed the scope of the warrant and search Okparaeke's Reddit.com posts when he explicitly excluded forums on the affidavit. A reasonable police officer would have done what Ruggeri did on his second warrant application and include internet browsing history specifically. Ruggeri flouted the particularity requirement and engaged in a general search of Okparaeke's phone when the Honorable Judge Davison only permitted a limited search.

VII. **CONCLUSION**

**WHEREFORE**, Defendant respectfully prays for an order granting the above-requested relief.

Dated: Brooklyn, New York
April 13, 2018

Respectfully submitted,

**THE MIRVIS LAW FIRM, P.C.**

By:  /s/ Tony Mirvis
Tony Mirvis, Esq. (TM-2890)
Attorney for Defendant
28 Dooley Street, 3rd Floor
Brooklyn, New York 11235
(718) 934-4141 (Tel)
(718) 228-8408 (Fax)
Mirvis.tony@gmail.com