USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CHUKWUEMEKA OKPARAEKE,

                    Defendant.

No. 17-CR-225 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge

Defendant Chukwuemeka Okparaeke ("Defendant") is charged in a five-count Superseding Indictment with: (1) conspiracy to distribute, and to possess with intent to distribute, controlled substances in violation of 21 U.S.C. §§ 813, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 846; (2) attempted importation of 100 grams and more of mixtures and substances containing acrylfenanyl in violation of 21 U.S.C. §§ 813, 952(a), 960(a)(1), 960(b)(1)(F) and 963; (3) attempted distribution of, and possession with intent to distribute, 100 grams and more of mixtures containing a detectable amount of acrylfenanly in violation of 21 U.S.C. §§ 813, 841(a)(1), 841(b)(1)(A), and 846; (4) distribution of, and possession with intent to distribute, furanly fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (5) importing U-4770, a Schedule I controlled substance, into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3). (*See generally* Superseding Indictment, ECF No. 41.) For the following reasons, Defendant's motion to suppress (ECF No. 58) is DENIED.

## I.    BACKGROUND

The Court assumes familiarity with the facts of this case. *See United States v. Okparaeka*, No. 17-CR-225 (NSR), 2018 WL 3323822, (S.D.N.Y. July 5, 2018). The Court has addressed several motions to suppress evidence in a series of orders (ECF Nos. 30, 45 and 58) regarding

1

statements made by the Defendant while he was detained by law enforcement officers and evidence obtained by the Government. On October 10, 2018, the Court held a hearing on outstanding issues raised by Defendant's Motion to Suppress. (No. 58.)

At the October 10 hearing, the Government stated is it not seeking to use post-arrest statements made by the Defendant before he was given *Miranda* warnings. (Tr. 47-48). The parties agreed that the Defendant's statements following his *Miranda* warning up until his invocation of the right to counsel are not subject to suppression. (Tr. 40, 46-47.) The Court ruled that the spontaneous statements made by Defendant after he invoked the right to counsel shall not be suppressed. (Tr. 40-42, 46.)

The outstanding issues before the Court concern Defendant's motion to suppress evidence about Defendant's cellphone, specifically to suppress (a) his statement to law enforcement officers on February 1, 2017, in which Defendant identified the make and model of his cellphone, and (b) evidence recovered pursuant to a subsequent search warrant for Defendant's cellphone on February 3, 2017. These issues have been briefed by the parties (ECF Nos. 71, 72, and 73). The Government is not seeking to use any statements made by the Defendant during the discussion about consent to search his phone, apart from Defendant's identification of the phone make and model, which the Government claims is non-testimonial. (No. 73 at 1.)

The facts concerning the Defendant's statements to law enforcement officers on February 1, 2017 have been discussed in detail in the Court's Order and Opinion of August 21, 2018. (ECF No. 66). At the October 10 hearing, the testimony showed that the Defendant was detained on February 1, 2017 and transported to the Middletown, New York police station, where he was read his *Miranda* warnings, and interviewed. (Tr. 13-14.) During the February 1,

2017 interview, law enforcement agents became more interested in the cellphone as the Defendant kept his device on or near his person at all times. ( ECF No. 66 at 5-6.) As United States Postal Inspector Ruggieri averred by affidavit, based on his training and experience, individuals engaged in narcotics trafficking typically store records relating to that activity on electronic devices such as cell phones. (*Id.*) Some of those records include logs of online chats, emails, and contact information. (*Id.*) The Government eventually obtained a warrant and searched Defendant's phone. In the application for the search warrant, Ruggieri used the phone number and the physical description of the phone he received from Defendant during the course of the February 1 interview. (*Id.* ¶ 17.)

## II. **DISCUSSION**

As the video-recording of that conversation makes clear, the Defendant initially indicated his willingness to consent to the search, and information about the phone make and model was given in the course of completing the consent-to-search form, which Ruggieri was reading aloud as he completed the form. *See* GX-1T at 30-31; *see also* GX-1T at 32-33.

This kind of questioning falls under the narrow "consent to search" exception to *Miranda* that numerous courts have recognized. *U.S. v. Faruolo*, 506 F.2d 490, 495 (1974) ("There is no possible violation of fifth amendment rights since the consent to search is not 'evidence of a testimonial or communicative nature'") (quoting *Schmerber v. California*, 384 U.S. 757, 761, 86 S.Ct. 1826, 1830 (1966); *Flynn v. James*, 513 Fed. Appx. 37, 39 (2d. Cir. 2013) (summary order) ("Flynn's invocation of his right to counsel, however, has no bearing on the validity of his consent because a request for consent to search is not an interrogation within the meaning of *Miranda v. Arizona*") (internal citations omitted); *United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1568 (10th Cir. 1993) ("Every federal circuit court which has addressed the *Miranda* issue

3

has reached the conclusion that a consent to search is not an incriminating statement."); *United States v. St. Claire*, No. S1 04 Cr. 147 (LTS), 2005 WL 736236 at *4 (S.D. N.Y. March 30, 2005)(mem. op)(officers did not violate defendant's right to counsel by requesting to search after the defendant's invocation "[b]ecause a request for consent to search does not constitute an interrogation within the meaning of Miranda insofar as it does not seek to elicit a self-incriminating statement."); *cf. also United States v. Gilkeson*, 431 F. Supp. 2d. 270, 281-282 (N.D.N.Y. 2006)( Most consent to search cases do not implicate the Fifth Amendment where the request for consent is based on information obtained in compliance with Miranda). In the case at bar, the Defendant's statement identifying the make and model of his cellphone number, the Samsung Galaxy 5, during a routine request for a consent to search, does not fall under the umbrella of *Miranda*.

As this Court previously found, law enforcement had already determined the Defendant's phone number, knew that the phone number belonged to him, and knew that the Defendant had used that phone in connection with criminal activity; as a result, law enforcement had a clear a basis to request consent to search the phone prior to the Defendant's invocation of *Miranda*. The Defendant's position that the Government may not be able to obtain a cell phone's electronic serial number through a subpoena or search warrant lacks merit. As stated at the October 10 hearing, the Government routinely obtains numerical identifiers associated with a particular phone number through grand jury subpoenas, and routinely uses such information to obtain search warrants for electronic devices. (Tr. 20-21.) In any event, law enforcement had a general physical description of the Defendant's phone, as they had seized the device, transported it to the Middletown police station, and observed it in the interview room. (Oct. 10, 2018 Hearing Transcript at 13-14; GX-1T at 25.)

Before Defendant revoked *Miranda*, he voluntarily gave Ruggerio and Agent Laird his phone number when giving the officers his pedigree information at the beginning of the interview. (GX-1T at 5.) Furthermore, Police already had obtained his phone number based on his Jan 31, 2017 call to the post office. (Tony Mirvis Affirmation ("Mirvis Affirmation"), ECF No. 59, Ex. 2 (Brad Ruggieri Affidavit in Support of Search Warrant, February 3, 2017) at 5.) In that call, he identified himself by name and inquired about the package designed to mimic the one containing one kilogram of Fentanyl, which agents had intercepted at John F. Kennedy Airport. (*Id.*)

The Defense likens this case to the facts in *Gilkeson*, where the Court ultimately ruled that the Defendant's consent *itself* was an incriminating statement (*Gilkeson*, 431 F. Supp. 2d. at 282)("Gilkeson made inculpatory statements—referring to the existence and use of a computer at a location previously unknown to police"). The Court, however, cannot agree that the facts are similar to *Gilkeson*. In the case at bar, the Government was able to obtain information identifying Defendant's cell phone prior to *Miranda*.

Therefore, Defendant's Motion to Suppress his statement to law enforcement officers on February 1, 2017, in which Defendant identified the make and model of his cellphone and evidence recovered pursuant to a subsequent search warrant for Defendant's cellphone is denied.

## **CONCLUSION**

For the foregoing reasons, the Defendant's motion to suppress evidence is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 58.

Dated:   November 2, 2018                       SO ORDERED:
             White Plains, New York

                                                    NELSON S. ROMÁN
                                                    United States District Judge