TRULINCS 78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

----------------------------------------------------------------------------------

FROM: 78867054
TO:
SUBJECT: Affidavit
DATE: 04/15/2019 01:03:13 PM

*RECEIVED*

*APR 22 2019*

*NELSON S. ROMÁN*
*U.S. DISTRICT JUDGE*
*S.D.N.Y.*

Docket in case # ___17 CV/CR 225 (NSR)
As: Motion for Reconsideration and
Date: 4/22/2019   Suppression

United States District Court
Southern District of New York

_____x

United States of America

v.

Chukwuemeka Okparaeke                    17 Cr. 225 (NSR)

_____x

TO THE HONORABLE JUDGE OF SAID COURT

PLEASE TAKE NOTICE that, upon the accompanying Affirmation of Chukwuemeka Okparaeke, duly sworn on April 15th of 2019, the exhibits annexed thereto, and the Memorandum of Law submitted herewith, defendant CHUKWUEMEKA OKPARAEKE will move this Court to reconsider its ruling of the GPS warrant, move for a Franks Hearing, and suppress any and all evidence found during an illegal search of Okparaeke's car.

Chukwuemeka Okparaeke, an inmate duly authorized to defend myself Pro Se, certifies the following under the penalties of perjury pursuant to 28 U.S.C. Section 1746.

1. I am defending myself Pro Se and am fully familiar with the facts and circumstances herein.

2. I respectfully submit this Affirmation in support of my motions for: (I) Reconsideration of the order denying suppression obtained by GPS tracking a mobile phone with the number 908-596-0661; (II) Suppressing any and all evidence obtained by searching Mr. Okparaeke's automobile on February 1 2017;

3. I have standing to challenge the search of a 2009 Honda Accord with the license place HAV 7230 because I own it and the car is registered to me.

4. I have standing to challenge the GPS tracking of the 908-596-0661 phone because I own it.

5. I have included in this submission material necessary for the motions: Sprint GPS Warrant and Affidavit, Sprint Subpoena Return, and the Chainalaysis Report.

6. On February 1st 2017, I saw Brad Ruggeiri and other law enforcement officers search my car and remove various items from it. One of these items was my Samsung Galaxy S5.

7. I ceased using Coinbase in 2016.

I swear the aforementioned under oath.

_____

Chukwuemeka Okparaeke
Dated April 15th 2019

TRULINCS 78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

-------------------------------------------------------------------------------------------------

FROM: 78867054
TO:
SUBJECT: Motion For Reconsideration
DATE: 04/11/2019 05:33:24 PM

I. The Court must reconsider its ruling for the GPS warrant

Defendant Chukwuemeka Okparaeke ("Okparaeke") urges the Court to reconsider the Order and Opinion of Nelson S. Roman, United States District Judge. (Order and Opinion. ("Order and Opinion")16-18, ECF No. 56). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."(citation and internal quotations marks omitted); Shrader v. (SX Transp., INC.,) 70 F.3d 255, 257 (2d Cir. 1995).

In the Order and Opinion, the Court determined the warrant affidavit utilized by M.A. Nikolas to ascertain Okparaeke's location on March 7th 2017 was "valid" because there was "sufficient probable cause to believe that Defendant was involved in the distribution of narcotics". This is a clear error in law. The Supreme Court has long distinguished between arrest warrants and search warrants. See Steagald v. United States, 451 U.S. 204, 212-13 (1981). An arrest warrant rests on probable cause to believe that the suspect committed an offense; it thus primarily serves to protect an individual's liberty interest against an unreasonable seizure of his person. Id. at 213. A search warrant, by contrast, is grounded in a fair probability that a search or seizure will yield evidence of criminal activity.  "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific "things" to be searched for and seized are located on the property to which entry is sought." Zurcher v. Stanford Daily, 436 U.S. 547 (1978). The Court, when making its decision, erred immensely by ruling that a search warrant was valid because of a fair probability that someone is engaged in crime and essentially passed no judgment on whether or not the search was supported by probable cause. In this very Court's previous ruling that dealt with phone tracking, this Court ruled that there was probable cause to track a phone when, "the JG Serrano Affidavit demonstrated that J. Goode uses his cellphone to facilitate his drug business, sells narcotics at various locations within Haverstraw, New York, including Railroad Avenue, Highway Avenue, Route 9W, and a Mobil gas station, was wary about his surroundings and conducted all of the identified buys outside." United States v. Goode, 2018 U.S. Dist LEXIS (Nelson S. Roman, 2018). Thus, this Court understands that for there to have been probable cause to track the 908-596-0661 phone on the warrant there had to have been facts and circumstances presented to the issuing judicial officer that tracking that specific phone would reveal evidence of crime. See United States v. Gibbs, 547 Fed. Appx. 174, 179, (4th Cir 2013) (the place to be searched was a cell phone, and the item to be seized was the location information emitted from that cell phone). The affidavit submitted by Nikolas completely and utterly failed to establish a nexus between the phone to be tracked and the distribution of narcotics. It also completely and utterly failed to establish any reason for believing Mr. Okparaeke owned, possessed or was associated with the phone. (GPS Warrant, Aff. in Supp. of a Search Warrant("Nik. Aff.")2.).

Unfortunately, this was not the Court's only clear error of law. In the subsequent Order and Opinion issued by this Court (Order and Opinion ("Order and Opinion")27-28, ECF No. 66), the Court wrote, "The Court notes that Defendant appears to raise a new argument in this motion, namely that Detective Nikolas did not "provide facts to establish that there was any connection between" the cell phone number provided to the Judge and the Defendant. The application for the search warrant, however does included such facts. Detective Nikolas affirmed that the "person associated with the search warrant and target number, Chukwuemeka Okparaeke, is a suspect in the above referenced crimes and is believed to be in possession of a cellular device with the assigned number" provided." This is clearly erroneous because this was not the affidavit or warrant application but the application for sealing which signed subsequent to the issuance of the search warrant, and, thus, could not have influenced the issuing judicial officer's probable cause determination. The Second Circuit and Supreme Court have been clear in stating that it is the warrant affidavit that establishes probable cause and that any challenges to a search warrant should be based on the information contained within the four corners of an affidavit given under oath. See United States v. Falso, 544 F.3d 110, 110 -11 ("All data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath...An individual's Fourth Amendment right cannot be vitiated based on Fallacious inferences drawn from facts not supported by the affidavit." See also Illinois v. Gates, 462 U.S. 210, 238 ("probable cause assessments are to be made from "all the circumstances set forth in the affidavit.") The Court's position is without question troubling because it is without a scintilla of support in the expansive case law of the Second Circuit or Supreme Court.

Other Federal Courts have suppressed evidence gathered pursuant to warrants because the affidavits were deficient. In United States v. Moore, 2015 WL 8779926 (D. Minn. 2015), the Court suppressed the fruits of a phone tracking warrant because the affidavit, "provides nothing but conclusory statements regarding the relationship among the 952 phone, Hood, and the narcotics trafficking, it fails to "create a fair probability" that tracking the 952 Phone will lead to evidence of narcotics trafficking by Hood... Moreover the lack of evidence - and the affidavit's deficiency- is obvious. Accordingly, Deputy William's belief in the existence of probable cause based on the affidavit was "entirely unreasonable" and the Leon Good Faith Exception doesn't apply." Id. The

TRULINCS  78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

---------------------------------------------------------------------------------------------

search warrant submitted by Nikolas is actually weaker than the one submitted by the Affiant in Moore because it does not detail basic information about the phone number to be tracked and detail any connection between this phone number and drug distribution. The affidavit submitted by Nikolas is a carbon copy of the affidavit pilloried by the Tenth Circuit Court of Appeals in United States v. Gonzales, 399 F.3d 1225 (10 Cir. 2005). In Gonzales, the Court ruled that an affidavit submitted by a police officer lacked in indicia of probable cause because it failed to connect the thing to be searched to criminal activity or the suspect. "For good faith to exist, there must be some factual basis connecting the place to be searched to the defendant or suspected criminal activity. When this connection is wholly absent, the affidavit and resulting warrant are so "so lacking in indicia of probable cause as to render the official belief in its existence entirely unreasonable... Exclusion is appropriate in such circumstances because "reasonably well-trained officers", exercising their own professional judgment, will be able to recognize the deficiency." Id at 1231.

The Court also erred immensely when it ruled that the affidavit established a fair probability that Okparaeke was engaged in the distribution of drugs. The affidavit is a conclusory amalgamation of words that fail to establish any probability that Okparaeke had ever sold drugs to anyone. The Court, when making its ruling put great weight into Nikolas's conclusory claim that Okparaeke maintained an account to purchase stamps. Nikolas just alleged that Okparaeke bought stamps without detailing how he knew Okparaeke purchased stamps. "Considering the remark's entirely conclusory nature, there is no likelihood that the magistrate judge relied on to find probable cause." United States v. Raymonda, 780 F.3d 105, 119 (2d Cir. 2014). See also, Gates, 462 U.S. at 239 (holding that "a wholly conclusory statement...failed" to "provide the magistrate judge with a substantial basis for determining the existence of probable cause.")

In conclusion, the Court's rulings in regards to the GPS warrant are clearly erroneous and have prejudiced Okparaeke immensely and should be reconsidered. Okparaeke's Fourth Amendment rights were clearly violated and any and all evidence that derived from the execution of the GPS warrant should be suppressed. The Court's ruling that a search warrant establishes probable cause when it establishes a fair probability that someone is engaged in crime appears to have been made to deprive Okparaeke of his Fourth Amendment rights and to prevent the action of the exclusionary rule. Just because the Government has alleged Okparaeke was involved in narcotics does not vitiate his right to be free from frivolous seizure. See Bell v. Maryland, 378 U.S. 226, 328 (1964)("The worst citizen no less than the best is entitled to equal protection of the laws of his State and of the Nation.").

TRULINCS  78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

--------------------------------------------------------------------------------

FROM: 78867054
TO:
SUBJECT: Nikolas's claim about
DATE: 04/15/2019 09:47:04 AM

II. Okparaeke should be granted a hearing pursuant to Franks v. Delaware because Nikolas showed gross negligence when drafting the GPS affidavit

While Okparaeke has argued that the search warrant utilized to GPS track Okparaeke's phone was so lacking in probable cause that a police officer could not have relied upon it, Okparaeke would also like to argue for a Franks hearing because Nikolas showed an immense disregard for the truth when drafting the affidavit and was grossly negligent. "Ordinarily, a search carried out pursuant to a warrant is presumed valid. However, in certain circumstances, Franks permits a defendant to challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search and seizure." United States v. Mandell, 752 F.3d 544, 551-52 (2d Cir. 2014). "[T]o suppress evidence obtained pursuant to an affidavit containing erroneous information, the defendant must show that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause [or necessity] finding." United States v. Rajaratnam, 719 F.3d 139, 146 (2d Cir. 2013).

A. Nikolas made various claims that were made with a reckless disregard for the truth

Nikolas' claim that he made contact with Okparaeke via the internet was an out and out lie. At no point in time did he email, skype, sms, snap etc. Okparaeke via the internet. (See included affidavit.)

Nikolas's claim that, "Through a virtual currency account maintained by the suspect, Your Affiant learned that the suspect is engaged in the movement of funds in and out of the online marketplace where he is operating the business of distributing drugs." was not only vague and conclusory statement that could not have given a judicial officer a substantial basis for finding probable cause, it was also a statement made with a reckless disregard. for the truth.

In February 2017, M.A. Nikolas subpoenaed Coinbase, a cryptocurrency exchange that allows its customers to buy and sell cryptocurrencies, for an account owned by Emeka Okparaeke. Okparaeke had ceased using Coinbase the previous year. Upon receiving the return of the subpoena, Nikolas sent the details of one of the Bitcoin addresses that had either sent or received Bitcons from Okparaeke's Coinbase account to Chainanalysis, a firm that specializes in finding the source for Bitcoins. This particular Bitcoin address (the defense only received two documents from Chainanalysis and these documents do not say what the actual Bitcoin address) was shown to have last interacted with Coinbase on August 4 2016. Nikolas's claim that Okparaeke was engaged in moving "virtual currency" was clearly a lie meant to deceive the Judicial officer issuing the warrant because there was no evidence that Okparaeke controlled this particular Bitcoin address. Bitcoin addresses are maintained by Bitcoin wallets, usually open-source software, that create strings of digits. To have access to Bitcoin addresses bitcoins a user must have access to a particular wallet. Nikolas had not a scintilla of evidence that Okparaeke controlled the Bitcoin address nor did Chainanalysis provide him with any information that could have lead him to this belief. There is no question that Nikolas knew that Okparaeke receiving or sending, as late as 6 months prior, Bitcoins from an account that itself received Bitcoins from Alphabay was not indicative of Okparaeke being engaged in moving virtual currency from Alphabay. Also, it has to be stated that at the time Okparaeke ceased using Coinbase months before Nikolas issued them a subpoena and could not have been actively utilizing Coinbase to move Bitcoins into and from Alphabay.

"Your Affiant confirmed the suspect lives and works in the geographical area from where the packages originated." was also made to mislead the judicial officer. At the time that Nikolas had applied for the search warrant, Nikolas had made 6 orders from Fentmaster. These packages came from various towns in New Jersey and New York. At the time, Okparaeke had resided in Walkill, New York, which is 10 miles to 80 miles away from 5 of the 6 towns that packages were mailed from. Nikolas could not have conceivably believed that this statement, that Okparaeke lived in the same "Geographical Area" as the packages origination was made in good faith. There is no contingous geographical area that encompasses these towns unless Nikolas meant the phrase geographical area in the most general sense (for example, The East Coat, The Eastern Sea Board, New England, The Tri-state Area, The Midwest, The Pacific Northwest, The Great Lakes Region, The Mississippi Region, The South etc..). This statement was made with an intent to mislead the judicial officer and surely did so.

B. Nikolas omitted material information

Nikolas omitted material information from the affidavit, principally that a subpoena return clearly showed that Okparaeke was not the owner of the 908-596-0661 phone.

TRULINCS  78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

---------------------------------------------------------------------------------------------

The affiant failed to disclose to the issuing judge that he had Subpoenaed the account information for the 908-596-0661 phone. This showed that the phone was registered to Okoro Okparaeke. (See attached Sprint Subpoena). Had Nikolas alerted the judge that the phone to be tracked was registered to someone who was not a suspect, Judge Azcarate would not have issued the warrant. Nikolas would have had to present some evidence detailing some form of connection between this phone and the suspect.

C. The statements were clearly material

In conclusion, the aforementioned statements were clearly material to the probable cause determination and the warrant would have not been issued had Nikolas alerted the judicial officer that there was strong evidence that Okparaeke did not carry the phone.

Therefore, Okparaeke should be granted a suppression hearing or the Court should suppress the evidence derived from the GPS warrant without a hearing.

TRULINCS  78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

---------------------------------------------------------------------------------------------------------------

FROM: 78867054
TO:
SUBJECT: Search of Car
DATE: 04/18/2019 07:33:45 AM

III. Any and all evidence that derived from the illegal search of Okparaeke's car should be suppressed

On February 1st 2017, various law enforcement officers arrested Chukwuemeka Okparaeke after a controlled delivery. After arresting Okparaeke, the searched his automobile and seized from it his Samsung Galaxy S5 phone. Subsequent to the seizures of Okparaeke, he was taken to a local police station, interviewed and released. Prior to his release, police officers placed his illegally seized phone on the table and asked him what the phone number was and what the make and model of the phone was. Law enforcement officers than used this information, which clearly derived from the illegal search of his car to apply for a search warrant of his phone. Okparaeke moves to suppress the illegal search of Okparaeke's phone because it derived from an illegal search of his car and an illegal seizure of his phone.

A. There was not probable cause to search Okparaeke's car

At the time that law enforcement officers searched Okparaeke's car, law enforcement knew that a package addressed to Okparaeke at the Middletown New York UPS store had been intercepted and field tested for an illegal substance. They also knew that he called the day prior to inquire about the status and responded to a voicemail that inquired if he could come and pick it up. They also knew that Okparaeke had just gone to the local USPS location to pick the package up. This falls far short of establishing that there was probable cause to search Okparaeke's car. "[P]robable cause to search... exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found[]"Ornelas v. United States, 517 U.S. 690, 696 (1996).
There were clearly no facts and circumstances that would have allowed reasonable officers to believe that in Okparaeke's vehicle there was evidence of a crime. They had no evidence Okparaeke had ever possessed contraband, distributed narcotics, etc.. They had no information that evidence of narcotics or narcotics distribution would have been found in Okparaeke's car.

B. Fruit of the poisonous tree

Subsequent to the interview of Okparaeke, law enforcement officers executed a search warrant for Okparaeke's phone. This phone warrant was the direct result of the illegal search of Okparaeke's car because the police would have been unable to identify the phone had they not seized the phone, placed it on the table after Okparaeke's arrest, and asked Okparaeke to describe it with particularity.

Therefore, the Court should suppress the search of the phone as fruit of the poisonous tree.

TRULINCS  78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

--------------------------------------------------------------------------------

FROM: 78867054
TO:
SUBJECT: Exhibit: Chainanalysis report
DATE: 04/18/2019 08:42:41 AM

Exhibit: Chainanalysis report





## COUNTERPARTIES

| Counterparty | UTXO | Sent | Received ▼ | Flow | First | Last |
|---|---|---|---|---|---|---|
| AlphaBay Market | | 3,015 | 589.775 | 586.759 | 2/2/15 | 2/25/15 |
| 1GZoC2Ps5staBHXvYt6TgdPr-A2r3Hzx6so | | 0 | 6.296 | 6.296 | 10/5/16 | 11/16/16 |
| 1T7La07wz2XxxGPsu2A9ZAV7l1dFxoSLlN3gU | | 0 | 5.050 | 5.050 | 10/27/16 | 12/27/16 |
| Coinbase.com | | 5,578 | 4.843 | -0.735 | 1/20/15 | 8/4/16 |
| 1BJ7-wQYCHTBWTfqUw5nVocQFzqHc7XnQ | | 0 | 2.761 | 2.761 | 11/7/16 | 11/5/16 |
| 12ThNji1Zq-QNZ62NG2cZZ5r-FNJE1j5-K7G | | 0 | 2.681 | 2.681 | 11/22/16 | 11/22/16 |
| Circle.com | | 0 | 2.607 | 2.607 | 2/24/16 | 5/8/16 |
| 1GyCqjFZaRYLnFvuazB4XkD7Twzc0A1Y96 | | 0 | 2.359 | 2.359 | 12/4/16 | 12/24/16 |
| 16scHq35EYVKWGTqdShZd4zHrH ANLNRiudib | | 0 | 2.110 | 2.110 | 11/4/16 | 11/4/16 |
| Paxful.com | | 0 | 2.096 | 2.096 | 2/17/16 | 5/24/16 |
| 1BLVygX4DoF44IGR8ziXDRsGD7jHccwV9oQ2Q | | 0 | 1.890 | 1.890 | 9/19/16 | 9/19/16 |
| 1JbtHaD1XHqYpDvFlWXabJbYGLRexxM4WXY2 | | 0 | 1.880 | 1.880 | 12/21/16 | 12/23/16 |
| 1... | | 0 | 1.834 | 1.834 | 11/11/16 | 11/11/16 |

TRULINCS  78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

--------------------------------------------------------------------------------

FROM: 78867054
TO:
SUBJECT: Exhibit: Sprint Subpoena
DATE: 04/18/2019 08:41:41 AM

Exhibit: Sprint Subpoena



Sprint
Donesha Robinson
Corporate Security, Subpoena Specialist
Mailstop KSOPHM0206
6480 Sprint Parkway
Overland Park, KS 66251
Phone: 913-315-1363    Fax: 816-600-3111
Email: donesha.robinson@sprint.com
Toll Free: 800-877-7330

GOVERNMENT
EXHIBIT
4
17 Cr. 225 (KMK)

02/12/2017

Mike Nickolas
Fairfax County Police Department
6507 Columbia Pike
Annandale, VA 22003

**Your Case Number: 908-596-0661**
**Sprint Case Number: 2017-031896**

Dear Mike Nickolas,

Pursuant to the above-referenced case, I am enclosing the requested information for the specified time period.

Please use the contact information listed above for any questions or further inquiries regarding this request.

Sincerely,

Donesha Robinson
Subpoena Compliance
Sprint Corporate Security
donesha.robinson@sprint.com
913-315-1363

Enclosures

*Notice:    If the records contained in the attached package are utilized in trial proceedings, and if you require a records custodian for authentication, be advised Sprint does not have local representatives. Sprint's Trial Team is located at our Corporate Headquarters in Overland Park, Kansas.      You will need to contact the Trial Team at CSTrialTeam@Sprint.com or call our office at 800-877-7330.    Our office will require at least a two-week notice in addition to pre-paid travel arrangements by your office.

**Sprint L-Site**
Sprint has an interactive web tool <u>for law enforcement</u> known as L-Site. If you are unfamiliar with L-Site and wish to obtain further information, please send an email to:    L-Site@Sprint.com.

**Sprint Requested Information**
**Sprint Case #: 2017-031896**
**Reference Case #: 908-596-0661**

Please be advised, Sprint does not retain PictureMail, Email or Text content.

**Request Type:** Subscription Info (Basic)
Date Range:              08/01/2016 12:00:00 AM to 02/09/2017 2:00:00 PM
Subject Number:          9085960661

Comments:

*************** ACCOUNT DETAILS ********************

Billing Account Number (BAN): 143970550
Account Establish Date: 10/15/2010
Account Expiration (Cancel) Date: Active through Date Searched

Account Billing Address(es):
Effective: 10/15/2010
OKORO OKPARAEKE
8 MEHAR CT
JACKSON, NJ 08527

Effective: 10/15/2010
OKORO OKPAPRAEKE
8 MEHAR CT
JACKSON, NJ 08527

Account Contact Numbers:
Phone: 7328331556        Active Date: 2/7/2017

*************** SUBSCRIBER DETAILS ********************

SubscriberID: 14941546021
Personal Telephone Number
(PTN / MDN)                        Effective
9085960661       Status Date: 12/24/2014 11:16:03 AM        Status: A

Media Access Control Identifier
(MAC_ID)                           Effective
NO DATA FOUND

Urban Fleet Mobile Identifier
(UFMI)                             Effective
NO DATA FOUND

Non iDEN Direct Connect / Push to Talk
(HPPTT)                            Effective
NO DATA FOUND

Internet Protocol Address
(IP)                               Effective
NO DATA FOUND

Network Access Identifier
(NAI)                              Effective
OKOROOKPAPRAEKE03@SPRINTPCS.COM   12/24/2014 11:16:03 AM        Status: A

***********EQUIPMENT*****************

International Mobile Subscriber Identity(s) (IMSI)

310120050425588        Status Date: 7/22/2015 12:00:00 AM        Status: A

Universal Integrated Circuit Card(s) (UICC)
NO DATA FOUND

Mobile Station Identification Number(s) (MSID)
000007322461437                12/24/2014 11:16:03 AM        Status: A

Subscriber Identity Module(s) (SIM)
NO DATA FOUND

Electronic Serial Number (ESN/MSN)
256691514307555156    Effective: 7/22/2015    Expiration: Active through Date Searched

International Mobile Station Equipment Identity (IMEI)
NO DATA FOUND

*************FEATURES*****************

4G Domestic Data Roaming    Effective: 1/12/2015   Expiration: Active through Date Searched
America - Roaming Include    Effective: 9/17/2014   Expiration: Active through Date Searched
Anytime Minutes            Effective: 9/17/2014   Expiration: Active through Date Searched
Call Forwarding           Effective: 9/17/2014   Expiration: Active through Date Searched
Caller ID                 Effective: 9/17/2014   Expiration: Active through Date Searched
Domestic Data Roaming       Effective: 9/17/2014   Expiration: Active through Date Searched
Domestic LD Rate $0         Effective: 9/17/2014   Expiration: Active through Date Searched
Enhanced VoiceMail         Effective: 9/17/2014   Expiration: Active through Date Searched
Long Distance While Roami    Effective: 9/17/2014   Expiration: Active through Date Searched
LTE Provisioning Feature    Effective: 9/17/2014   Expiration: Active through Date Searched
MMS Messaging               Effective: 9/17/2014   Expiration: Active through Date Searched
Phone as Modem              Effective: 9/17/2014   Expiration: Active through Date Searched
Required Provisioning Fea    Effective: 9/17/2014   Expiration: Active through Date Searched
Shared 3G/4G/PAM Data KBs   Effective: 9/17/2014   Expiration: Active through Date Searched
SMS Text Messages           Effective: 9/17/2014   Expiration: Active through Date Searched
Sprint 4G Data Services    Effective: 9/17/2014   Expiration: Active through Date Searched
Sprint 4G LTE PAM Service    Effective: 9/17/2014   Expiration: Active through Date Searched
Sprint 4G PAM Services      Effective: 9/17/2014   Expiration: Active through Date Searched
Sprint Data Services       Effective: 9/17/2014   Expiration: Active through Date Searched
Sprint eHRPD Data           Effective: 9/17/2014   Expiration: Active through Date Searched
Sprint eHRPD PAM Services    Effective: 9/17/2014   Expiration: Active through Date Searched
Sprint PAM Services         Effective: 9/17/2014   Expiration: Active through Date Searched
$.015/MB OnNetOvg $.00001    Effective: 9/17/2014   Expiration: Active through Date Searched
===================================

*********************************************************

**Request Type:**  CDR w/Cell Site
Date Range:            08/01/2016 12:00:00 AM to 02/09/2017 2:00:00 PM
Subject Number:        9085960661

Comments:

A thorough search has been completed.   Please see attached records found for the requested time
period.
*********************************************************

TRULINCS  78867054 - OKPAPAEKE, CHUKWUEMEKA - Unit: BRO-J-A

---------------------------------------------------------------------------------

FROM: 78867054
TO:
SUBJECT: Exhibit: Fairfax Count Sprint GPS Warrant
DATE: 04/18/2019 08:42:17 AM

Exhibit: Fairfax Count Sprint GPS warrant and affidavit

# EXHIBIT "1"

# EXHIBIT "1"

CO_000143

**SEARCH WARRANT FOR**
**REAL-TIME LOCATION DATA**

COMMONWEALTH OF VIRGINIA

v./In re

908-596-0661

TO THE OFF₁CER SEEKING THIS SEARCH WARRANT
You are hereby commanded in the name of the Commonwealth to forthwith properly serve, as defined in
§19.2-70.3(K), the following provider of electronic communications service or remote computing service:

2017 MAR 23    PM 12: 10

Fairfax County        19th Circuit Court
                      CLERK CIRCUIT COURT
                      FAIRFAX, VA

This executed SEARCH WARRANT shall be returned to the _____
after the SEARCH WARRANT is executed.

TO        Sprint, 6480 Sprint Pkwy, Overland Park, Kansas 66251
THE PROVIDER OF ELECTRONIC COMMUNICATION SERVICE OR REMOTE COMPUTING SERVICE:

You are hereby ordered to search for and disclose the following real-time location data records:

See attached Ex Parte Order

You are required to provide ongoing disclosure of these records for _____30_____ days (not to exceed 30 days).

This SEARCH WARRANT is issued in relation to an offense substantially described as follows:

18.2-248, Distribution of Schedule I Narcotics.

I, the undersigned, have found probable cause that the real-time location data records are relevant to a crime that
is being committed or has been committed, or that an arrest warrant exists for the person whose real-time location data is
sought
[ ] and have found probable cause that the records requested are actually or constructively possessed by a foreign
corporation that provides electronic communication service or remote computing within Virginia.

I further find that the real-time location data records should be searched and disclosed, based on the statements in the
Attached affidavit sworn by

NAME OF AFFIANT        M.A. Nielsen

........2.2.4.17. 1552.................                    ( ) CLERK [ ] MAGISTRATE [ ] JUDGE
        DATE AND TIME

DC-309 (MASTER, PAGE ONE OF TWO) 01/15

## EXECUTION

Executed by properly serving, pursuant to §19.2-70.3(K), the provider of electronic communication service or remote computing service as follows:

Method of service: __L SITE__

The following person was served:

NAME

TITLE

ADDRESS

FACSIMILE NUMBER (IF APPLICABLE)

2/24/17   1600
DATE AND TIME EXECUTED

_M.A. Nichols_

EXECUTING OFFICER

Certified to __FAIRFAX COUNTY__

Circuit Court on __3/23/17__
DATE

_M.A. Nichols_

EXECUTING OFFICER

FILED
CRIMINAL

2017 MAR 23 PM 12: 10

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

CO_000144

**REAL TIME LOCATION DATA**

Commonwealth of Virginia    VA. CODE § 19.2-70.3(C)

The undersigned Applicant states under oath:

1.  The real-time location records are requested in relation to an offense substantially described as Follows:

    18.2-248, Distribution of Schedule I Narcotics.

FILED
CRIMINAL

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

[ ] CONTINUED ON ATTACHED SHEET

2.  The provider of electronic communication service or remote computing service requested to search for and disclose real-time location data records is described as follows:
    Sprint, which is a foreign corporation as defined by Section 19.2-70.3(D) of the Code of Virginia (1950), as amended, located at 6480 Sprint Pkwy, Overland Park, Kansas 66251, or any other electronic communication or remote computing service that is capable of disclosing real-time location data and records for the electronic device that is currently assigned the service account 908-595-0661.

3.  [X] The provider of electronic communications service or remote computing service is a foreign corporation, and the records requested are believed to be actually or constructively possessed by this foreign corporation that provides electronic communication service or remote computing service within Virginia. The material facts establishing probable cause for such a belief are:

    See attached affidavit.

[ ] CONTINUED ON ATTACHED SHEET

(OVER)

DC-308 (MASTER, PAGE ONE OF TWO) 07/15

---

**AFFIDAVIT FOR SEARCH WARRANT FOR REAL-TIME LOCATION DATA**

APPLICANT: ............ M.A. Nickolas ............
................................................ Detective ................
NAME ........... TITLE (IF ANY)
............ 4100 Chain Bridge Road ............
ADDRESS
............ Fairfax, VA 22030 ............

Certified to Clerk of
.................................................... Circuit Court
....................... CITY OR COUNTY .......................
on .............................................. ....................
DATE
................................... ...................................
TITLE ........................ SIGNATURE

Original Delivered [X] in person   [ ] by certified mail
                    [ ] by electronically transmitted facsimile
                    [ ] by use of filing/security procedures
                        defined in the Uniform Electronic
                        Transactions Act
to Clerk of .... FAIRFAX COUNTY ........ Circuit Court
                CITY OR COUNTY WHERE EXECUTED
on .. 3/27/17 ........................................
DATE

DETECTIVE ...............    M.A. Nickolas
TITLE .......................    SIGNATURE

Complete only if different than the above, or complete if
provider is a foreign corporation:

Copy delivered [X] in person   [ ] by certified mail
                [ ] by electronically transmitted facsimile
                [ ] by use of filing/security procedures
                    defined in the Uniform Electronic
                    Transactions Act
to Clerk of .. FAIRFAX COUNTY .... Circuit Court
                CITY OR COUNTY OF ISSUANCE
on .. 3/23/2017 ........................................
DATE

DEPUTY CLERK    Myisha Goodwin
TITLE .......................    SIGNATURE

CO_000145

4.   The real-ti   ation data records to be searched for and disclosed are describe   llows:

See attached addendum.

5.   The following material facts constitute probable cause that

[ x ] The real-time location data records to be searched for and disclosed are relevant to a crime that is being committed or has been committed AND/OR

[ ] An arrest warrant exists for the person whose real-time location data is being sought:

FILED
CRIMINAL

2017 MAR 23  PM 12: 11

JOINT. SEC?Y
CLERK, CIRCUIT COURT
FAIRFAX, VA

6.   [ ] I have personal knowledge of the facts set forth in this affidavit AND/OR
[ X ] I was advised of the facts set forth in this affidavit, in whole or in part, by one or more other person(s). The credibility of the person(s) providing this information to me and/or the reliability of the information provided may be determined from the following facts:

Your Affiant has received information from National Crime Information Center, Department of Motor Vehicles, Other Law Enforcement Agents and Resources, as well as individuals who provided information and personal accounts. Your Affiant, in each case, upon verifying and corroborating the information received, found the information to be accurate and reliable.

The statements above are true and accurate to the best of my knowledge and belief.

_____   M. A. Nicosia
Detective                                               APPLICANT

TITLE OF APPLICANT

Subscribed and sworn before me this day.

_____   _____
                                                    [ ] MAGISTRATE  [ ] JUDGE
DATE AND TIME

DC-308 (MASTER, PAGE ONE OF TWO) 07/15

CO_000146

FILED
CRIMINAL

2017 MAR 23  PM 12: 12

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

### AFFIDAVIT
### IN SUPPORT OF A SEARCH WARRANT

Before the undersigned Judge in and for the County of Fairfax, came this 24th day of

February, 2017, Your Affiant, **Detective M. A. Nickolas**, of the Fairfax County Police

Department.

Your Affiant has been a sworn law enforcement officer in the Commonwealth of Virginia

for over (15) years and is currently a detective, assigned to the Criminal Intelligence Division.

Your Affiant was previously assigned to the Mason District Station Criminal Investigations

Section where he was a Detective for over (7) years.  Prior to that Your Affiant was assigned to

the Patrol Division, where he conducted criminal investigations, assisted in the execution of

search warrants and received training from the Fairfax County Justice Academy as a recruit, as

well as on a consistent basis as a sworn law enforcement officer.  Your Affiant has conducted

numerous criminal investigations which have led to arrests and successful prosecutions in the

General District and Circuit Courts of Fairfax County, Arlington County, Prince William County

and the City of Alexandria.  Your Affiant has been a sworn law enforcement officer during all

times stated herein.

Your Affiant is requesting a search warrant be issued in relation to an ongoing investigation,

involving the violation of Virginia State Code(s) 18.2-248, Distribution of Schedule I Narcotics.

1 of 6

CO_000147

## AFFIDAVIT IN SUPPORT
## OF A SEARCH WARRANT



Your Affiant is respectfully requesting the search warrant be issued pursuant to §§ 19.2-61 and 19.2-70.3 of the Code of Virginia (1950), as amended, and Title 18, United States Code, §§ 2510 and 2703, demanding that Sprint, located at 6480 Sprint Pkwy, Overland Park, Kansas 66251, or any other electronic communications provider or service in possession of the requested records, shall forthwith furnish agents of the Fairfax County Police Department or their lawful designee with electronic communication records and assistance, pertaining to cellular/wireless phone number **908-596-0661**, which will include subscriber information, call detail records, SMS, MMS, and any other type of data transmission records, Wireless Internet/Data usage, and Internet Protocol (IP) connection records for the time period starting on **February 2, 2017** , as well as real-time location data extending thirty (30) days past the date this search warrant is served on the Provider.  Based on the facts adduced in this affidavit, there is probable cause to believe that the requested data will provide for the location and investigation into **Chukwuemeka Okparaeke**, who is currently a distributor of schedule I narcotics in violation of § 18.2-248, respectively, of the Code of Virginia (1950), as amended.

The records and assistance subject to this search warrant are enumerated below:

1.    Historical cell site activations, to include sector information for beginning and termination of all calls, related to all transmitted communication requested in this search warrant;

2.    Numbers transmitted to and from, including phone calls, SMS, MMS, and any other data transmission, and direct connections, if applicable during the time frames requested;

3.    Date, time, and duration of all transmitted communication;

4.    Signaling information;

CO_000148

**AFFIDAVIT IN SUPPORT**
**OF A SEARCH WARRANT**

*FILED*
*CRIMINAL*

*2017 MAR 23 PM 12: 12*

*COUNTY*
*CIRCUIT COURT*
*FAIRFAX, VA*

5.    Subscriber, MIN/ESN, IMSI, MSID and billing/payment information for the specified cellular/wireless telephone, to include any Customer Account Notes associated with the account;

6.    Subscriber, MIN/ESN, IMSI, MSID and billing/payment information for any other cellular/wireless telephones on this account;

7.    Wireless Internet usage and IP connection records to include any IP addresses assigned to this account's device(s), logon dates and times and length of session, the IP address assigned to each session and any known domain names and any related cell site information;

8.    Records and assistance requested in this order shall be provided to any agent of the Fairfax County Police Department, or their lawful designee, upon request;

9.    It is further ordered that all subscriber information, call detail records, data transmission records, wireless Internet usage, and IP connection records be provided in an electronic format specified by any agent of the Fairfax County Police Department or their lawful designee;

10.   That this order shall cover and be applied to any cellular/wireless MIN/ESN or IMSI that the subscribers of the phones covered by this order may change service to, for the duration of this order;

11.   Such service provider shall initiate real-time location services or a geo-location signal, mobile locator services, E911 services, and/or any other service provided by the carrier indicating precision location data in real time to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may reasonably be available and at such intervals and times as requested by the Fairfax County Police Department or their lawful designee;

12.   Range to Tower (RTT) Reports and/or Per Call Measurement Data (PCMD).

Your Affiant submits the following facts as probable cause for the issuance of this search warrant:

3 of 6

CO_000149

**AFFIDAVIT IN SUPPORT
OF A SEARCH WARRANT**

During the months of October 2016 through January 2017 Your Affiant was working in an

undercover capacity attempting to identify distributers of drugs within Fairfax County.  Your

Affiant made contact with a suspect known as Chukwuemeka Okparaeke via the internet who

offered to distribute schedule I drugs (18.2-248) into Fairfax County via the United States Postal

Service (USPS).  Over these months Your Affiant made multiple purchases of schedule I drugs

from this suspect.  Each time the suspect sent the drugs it was through the USPS and received by

Your Affiant within Fairfax County.  Multiple packages had labels affixed which displayed

addressed handwriting with unique characteristics.

Through open source statements by the suspect, Your Affiant was able to identify multiple

schedule 1 drug packages entering the United States destined for the suspect.  Furthermore, Your

Affiant was able to compare known handwriting samples from the suspect to the packages Your

Affiant received with handwritten labels.  The handwriting on the labels was consistent with the

unique handwriting of the suspect.

Your Affiant confirmed that the suspect lives and works in the geographical area from where

the packages originated.  In addition the suspect maintains an account with the USPS to purchase

stamps online.  The suspect has purchased thousands of Dollars in stamps during the time period

Your Affiant has been purchasing drugs from him.  In many cases the purchased stamps of the

suspect match the stamps received by Your Affiant.

Through a virtual currency account maintained by the suspect, Your Affiant learned that

the suspect is engaged in the movement of funds in and out of the online marketplace where he is

operating the business of distributing drugs.

4 of 6

CO_000150

**AFFIDAVIT IN SUPPORT
OF A SEARCH WARRANT**

The following has been learned about **Sprint**:

**Sprint** is a "foreign corporation" as defined by § 19.2-70.3 of the Code of Virginia (1950), meaning that their primary place of business is located outside of the boundaries of the Commonwealth and that they make contracts or engage in a terms of service agreement with residents of the Commonwealth to be performed in whole or in part by either party in the Commonwealth, or a corporation that has been issued a certificate of authority pursuant to § 13.1-759 to transact business in the Commonwealth. Furthermore Your Affiant believes that the records requested are actually or constructively possessed by this foreign corporation that provides electronic communications service or remote computing service within the Commonwealth of Virginia.

Based upon the aforementioned facts, your Affiant believes that the records collected from **Sprint** as well as the disclosure of real-time location data, will aid in the location and investigation of **Chukwuemeka Okparaeke** and it is believed by your Affiant that the disclosure of location-based services, will allow law enforcement to monitor **Chukwuemeka Okparaeke's** criminal activities to include future dealings with customers living in and around Fairfax County, Virginia.

CO_000151

**AFFIDAVIT IN SUPPORT**
**OF A SEARCH WARRANT**

FILED
CRIMINAL

2017 MAR 23  PM 12: 12

JOHN T. FREY
AFFIANT CLERK, CIRCUIT COURT
FAIRFAX, VA

Detective M. A. Nickolas

Subscribed and sworn before me this 24th day of February, 2017.

JUDGE

2.24.17 / 1554
DATE/TIME

6 of 6

CO_000152

CHUKWUEMEKA OKPARAEKE 78867-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

INCLUDES EX PARTE COMMUNICATIONS

Pro Se Submission

Nelson S Roman
United States District Court Judge
300 Quarropas Street
White Plains, NY 10601



RECEIVED
APR 22 2019
NELSON S. ROMAN
U.S. DISTRICT JUDGE
S.D.N.Y.

