


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

August 23, 2019

**BY ECF AND EMAIL**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:      *United States v. Okparaeke*, S3 17 Cr. 225 (NSR)

Dear Judge Román:

On August 20, 2019, standby counsel in the above-captioned case notified the Government of their August 16, 2019 *ex parte* motion for an adjournment of trial and provided the Government with a redacted copy of that motion. The Government respectfully writes to oppose defendant Chukwuemeka Okparaeke and standby counsels' request for a four-month adjournment of the October 15, 2019 trial date. The Court set the current trial date on January 30, 2019, almost seven months ago. In setting that trial date, the Court granted the defendant an eight-month adjournment from the original trial date of March 4, 2019. Nevertheless, the defendant now seeks an additional four-month adjournment on the ground that standby counsel requires more time to review discovery and coordinate defense experts. Those grounds to do not justify an adjournment, either separately or taken together.

The defendant's requested adjournment would cause a substantial burden to the public, the victim's family, and the Government. As a threshold matter, there is a strong public interest in this case proceeding to trial without further delay. *See Barker v. Wingo*, 407 U.S. 514, 519 (1972) (The "societal interest in providing a speedy trial ... exists separate from, and at times in opposition to, the interests of the accused."); *United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) (A speedy trial "serves the public interest by, among other things, avoiding extended pretrial delays, which may impair the deterrent effect of punishment.") (citation omitted). "Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'" *Bert*, 814 F.3d at 83 (citation omitted). At this point, a four-month adjournment would also cause hardship to the victim's family, who have been closely following the progress of this case and waiting for justice for their loved one.

The Government and its witnesses, moreover, have invested enormous resources in preparing for an October trial date. The Government expects to call approximately 30 witnesses in this case—not including chain-of-custody witnesses and records custodians—from all over the United States. Those witnesses have arranged their schedules to travel and be available for a multi-

week trial on October 15.  Maintaining the current trial date will ensure that the witnesses are available to testify without disrupting the arrangements they have made in reliance on the announced trial schedule.  *See United States v. Budovsky*, 2016 WL 386133, at *11 (S.D.N.Y. 2016) (finding prejudice to the Government where witnesses, including experts, "have cleared their schedules" for scheduled trial date).

There is, furthermore, a "risk [of] loss of important evidence" if a trial is unduly delayed. *Bert*, 814 F.3d at 83 (citation omitted).  An adjournment at this point would be particularly disruptive due to the preparatory work that has already been performed and the Government's burden of proof.  *See Budovsky*, 2016 WL 386133, at *11 ("[F]urther delay would cause [the Government's trial team] to lose the institutional memory associated with significant preparatory efforts," noting prejudicial effect given Government's burden of proof).  Ultimately, the defendant's right to a speedy trial is not so "unqualified and absolute that it must prevail over the demands of public justice." *United States v. Ghailani*, 733 F.3d 29, 42 (2d Cir. 2013) (citation omitted).  And regardless of whether the defendant desires an additional four-month adjournment, the Government has serious concerns about further extending the period of pretrial detention, which will have lasted for two years and seven months by the current October trial date.  *See United States v. Pennick*, 713 Fed. Appx. 33, 34-35 (2d Cir. 2017) (holding that defendant's speedy-trial right was violated by "extraordinary" 54-month pretrial incarceration, though defendant himself had requested several adjournments); *see id.* at 36 (emphasizing importance of length of defendant's pretrial detention in Sixth Amendment analysis).

The reasons set forth by the defendant in favor of an additional four-month delay do not justify an adjournment.  Standby counsel notes the volume of discovery in the case as a partial justification for an adjournment. (Def. Ltr. at 2).  Almost all of the discovery in this case, including the discovery pertaining to the death-resulting charge, however, was produced by January 2019—nearly seven months ago.  The Government's expert disclosures were likewise produced in January 2019.  The defendant not only has been heavily involved in the preparation of his case since his arrest in March 2017—as demonstrated, in part, by the extraordinary volume of pretrial motions filed by the defendant—but as a *pro se* litigant, he has been fully in control of his defense since the Court held a *Faretta* hearing on April 3, 2019—six-and-a-half months in advance of the current October trial date.

At the *Faretta* hearing, the Court could not have been clearer with the defendant regarding his responsibility for his own defense:  The Court advised the defendant that "even if [the Court] appoint[s] standby counsel to assist you, you and you alone will be responsible for your case and for proceeding to trial on this matter." (*Faretta* Tr. at 15; *see id.* at 16 ("you will be ultimately responsible for your defense")). The Court further warned the defendant that his decision to represent himself "cannot be made for the purpose of delay or manipulation." (*Faretta* Tr. at 9). The defendant affirmed, in no uncertain terms, that he understood the consequences of choosing to represent himself and wished to proceed *pro se*.  (*Faretta* Tr. at 28). The defendant has had ample time to review discovery in this case.  And with nearly two months to go before the October trial date, the defendant likewise has more than sufficient time to retain and prepare defense experts.

In their request for a further adjournment, standby counsel cite their recent assignment to the case and their need to review discovery and coordinate defense experts. As an initial matter, as noted above, two months is more than enough time to coordinate and retain defense witnesses. There is no reason why two attorneys cannot contact and retain whatever experts the defendant deems necessary prior to the October 15 trial date. With respect to the review of discovery, moreover, it is the defendant—not standby counsel—who is ultimately responsible for reviewing discovery and preparing a defense. The Court advised the defendant in no uncertain terms that by proceeding *pro se*, he is giving up the right to "a trained lawyer" who can act as "a filter between [the defendant] and the government and between [the defendant] and the Court"; who can advise him in plea negotiations; who can "explain the advantages and disadvantages of what you might say to the Court or jury if this case were to proceed to trial"; and who can help the defendant "navigate significant evidentiary procedural hurdles." (*Faretta* Tr. 11-13). The Court further explained that at trial, standby counsel

> will be present for the sole purpose of in the event you have a question, a legal question, you can pose the question to standby counsel and they can give you what they believe is the applicable law but ultimately any and all decisions that are made will be yours and yours alone to make, they are not there to give you any advice with respect to strategy or tell you how to represent your case. . . . They will basically just be there as a source of information but not as a source of legal advice. (*Faretta* Tr. 33-34).

In short, standby counsel's recent assignment to the case and their desire for additional time to review discovery do not justify an adjournment. Indeed, precisely because of standby counsel's circumscribed role in criminal proceedings, the law does not recognize ineffective assistance claims regarding standby attorneys. *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998) ("Without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel.") (citing *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997)); *see also Schmidt*, 105 F.3d at 90 (where a defendant elects to proceed *pro se*, he may not "assign blame for [his] conviction to standby counsel").

The Second Circuit has long held that a motion for an adjournment of the scheduled start of a trial is addressed to the sound discretion of the trial judge. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (referring to "[t]he largely unfettered discretion of a district judge to deny or to grant a continuance"). As the Supreme Court has explained:

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances.

*Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). It is precisely those concerns that led the Court to set a firm October trial date at the Government's request in the first place and that counsel against a

four-month adjournment now. None of the defendant or standby counsels' concerns warrant such a delay. To the contrary, the requested adjournment would deprive the public of the right to a speedy trial, unfairly burden the family of the defendant's victim, and risk prejudicing the Government's case. The Court therefore should deny the defendant's motion.[1]

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney

                          By:    /s/
                                        Gillian Grossman / Sagar Ravi / Olga Zverovich
                                        Assistant United States Attorneys
                                        (212) 637-2188 / 2195 / 2514

cc:     Margaret Shalley, Esq., and Michael Bradley, Esq. (by ECF)
        Chukwuemeka Okparaeke (by mail)

---

[1] To the extent the Court is inclined to grant a limited adjournment in this matter but cannot accommodate a brief adjournment in its calendar, the Government respectfully requests that the Court consider reassigning the case. *See* 18 U.S.C. § 3161(h)(7)(C) (barring an adjournment due to "general congestion of the court's calendar"); *Pennick*, 713 Fed. Appx. at 35 (explaining that trial delays due to the court's calendar are counted against defendant's speedy-trial right).