

# MARGARET M. SHALLEY
### & ASSOCIATES, LLC

OF COUNSEL:
JAMES M. BRANDEN
JAMES SHALLEY

August 28, 2019

**VIA ECF AND EMAIL**
The Honorable Nelson S. Román
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

                Re:    *United States v. Chukwuemeka Okparaeke*,
                        17 Cr. 225 (NSR)

Dear Judge Román:

      On August 16, 2019, counsel filed a letter under seal requesting a four-month adjournment of the trial in this case, which is currently set for October 15, 2019. On August 20, 2019, we notified the Government of the letter and provided a redacted copy. The Government responded to our request on August 23, 2019. After meeting with the defendant earlier today regarding the Government's response, this letter addresses some of the arguments made by the Government and requests that a conference be held in this matter on September 5, 2019, or a date that is convenient to the Court. The Government posits that as a *pro se* litigant Mr. Okparaeke has been in control of his defense since the *Faretta* hearing on April 3, 2019. [REDACTED]

---

[1] Portions of this letter dealing with *ex parte* communications between the defendant and the Court have been redacted. Further, any discussion of the defendant's trial strategy related to the *ex parte* communications have also been redacted.

225 BROADWAY  •  SUITE 715  •  NEW YORK, NY  •  10007
(212) 571-2670  •  1FAX (212) 566-8165
MARGARETSHALLEY@AOL.COM

Counsel met with Mr. Okparaeke today to review the Government response, and he was deeply concerned that the Government plans to call approximately 30 witnesses, many of whom possess expertise that he is not in a position to cross-examine or refute without the assistance of his own witnesses with specialized knowledge. This is a highly technical case involving three analogue drugs and the death of an 18-year-old boy from using a drug allegedly purchased from the defendant's dark website through Alphabay. ███████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████[2]

The Government argues that a four-month adjournment raises speedy trial concerns resulting from the period of pretrial incarceration and is a burden on the public, the Government's institutional memory and the victim's family. The Government cites *United States v. Pennick*, 713 Fed. Appx. 33 (2d Cir. 2017), however, that case was dismissed on speedy trial grounds because of a 6 and one half year delay during which the defendant was incarcerated for fifty-four months. Notably, Mr. Okparaeke was arraigned on the Eighth Count of the indictment charging the death of Mr. Teklinsky on **January 30, 2019**. This was the third superseding indictment, adding a count with a mandatory minimum of 20 years and a maximum of life. After a cursory review of some of the now 24 discovery productions, one of which was received yesterday, counsel and the defendant believe that the evidence that Mr. Okparaeke was legally responsible for the death of Mr. Teklinsky may be refuted through a chemical and forensic analysis of the discovery produced to date. Of the Government's list of expert witnesses, the majority work for the Government and are therefore presumably readily available. Clearly, a delay of only four months does not affect the Government's "institutional memory" or result in the loss of important evidence – which they are still in the process of producing.

The Government cites to many instances during the *Faretta* hearing where the Court questioned the defendant in depth regarding his decision to proceed *pro se* and fully explained what his and stand-by counsel's role would be in support of its argument that stand-by counsel does not need to sufficiently review the discovery or become familiar with the case because of our "circumscribed role in criminal proceedings." Gov. Letter at 3. However, what the Government fails to address is Mr. Okparaeke's right to request that he no longer proceed *pro se*. If the Court were to grant a request to re-appoint counsel at the beginning of the trial, stand-by counsel would need to be prepared to try a difficult and challenging case, because of the voluminous discovery and the technical and scientific aspect of many of the charges and possible defenses.[3] Further, the Government cites to an explanation from the Court that the sole purpose of standby counsel is to

---

[2] ███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

[3] In light of the fact that the Government plans to call in excess of 30 witnesses, there is a strong possibility that Mr. Okparaeke will realize that he requires more than just the advisory assistance of counsel.

2

answer legal questions and give the defendant what they believe is the applicable law. Gov. Letter at 3. The Government glosses over the fact that in order to provide the applicable law, one must understand the specific facts involved in the case.

Additionally, the Government cites to the Court's warning that Mr. Okparaeke's decision to represent himself "cannot be made for the purpose of delay or manipulation." Gov. Letter at 2. In so doing, the Government seems to be arguing that Mr. Okparaeke is trying to manipulate and delay his trial in making this request. However, the request of Mr. Okparaeke's prior stand-by counsel to be removed from the case is a circumstance beyond Mr. Okparaeke's control. ████████████████████████ The defendant should not be penalized and provided with attorneys who cannot adequately advise him throughout trial because of something he had no control over.

Also, we respectfully request that the Court order that the 3500 material be produced at least 2 weeks in advance of the trial date. There is a significant delay from the time documents are mailed by the Government to the time inmates receive their mail at the MDC. During counsel's meeting with Mr. Okparaeke today, we discussed the new discovery that was produced on August 22, 2019, which Mr. Okparaeke still has not received. Producing the 3500 material only one week in advance of trial will not provide sufficient time for Mr. Okparaeke to actually obtain the materials, let alone review them with the assistance of standby counsel.

Accordingly, the defendant affirms his request for a four-month adjournment of the trial date and requests that the Court set a conference to discuss the matter on September 5, 2019, or a date that is convenient to the Court. The Court's time and attention to this matter is greatly appreciated.

Sincerely,

/ s /

Margaret M. Shalley
Michael D. Bradley

cc: Chukwuemeka Okparaeke (via mail)
AUSA Gillian Grossman
AUSA Olga Zverovich
AUSA Sagar Ravi
(*via ECF*)