```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
UNITED STATES OF AMERICA,

                                         Case No. 17-cr-225
     -vs-

CHUKWUEMEKA OKPARAEKE,

                         Defendant.

----------------------------------------x
                                    United States Courthouse
                                    White Plains, New York

                                    January 30, 2019
                                    12:50 p.m.

B e f o r e:

                                    HONORABLE NELSON S. ROMAN

                                    District Judge


A P P E A R A N C E S:

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
GILLIAN GROSSMAN
OLGA ZVEROVICH
     Assistant United States Attorneys


MIRVIS & ASSOCIATES, P.C.
TONY MIRVIS
     Attorney for Defendant
```

```
 1              THE DEPUTY CLERK:  United States of America versus
 2   Okparaeke.
 3              Would counsel please state their appearance for the
 4   record, beginning with the government?
 5              MS. GROSSMAN:  Good afternoon, Your Honor.  Gillian
 6   Grossman and Olga Zverovich for the government.
 7              THE COURT:  Good morning to you both.
 8              MR. MIRVIS:  Good afternoon, Your Honor.  Tony Mirvis
 9   appearing on behalf of Mr. Okparaeke, who is present and to my
10   left.
11              THE COURT:  Good morning to you and your client.
12              All right.  This is a proceeding in the matter of
13   United States versus Chukwuemeka Okparaeke, docket number
14   17-cr-00225.  All right.  I note for the record that the
15   defendant is present in the courtroom and seated next to his
16   attorney.
17              Mr. Okparaeke, I want to advise you that this is not a
18   trial.  The proceeding today is called an arraignment, and it's
19   being held because the government has filed a Superseding
20   Indictment.  This is the third Superseding Indictment in this
21   case.
22              Mr. Okparaeke, during this proceeding, it is my job to
23   advise you of your rights.  You have an absolute right to remain
24   silent at this and every other stage of the proceeding.  Any
25   statement that you do make may be used against you.  You have
```

```
 1  the right to remain silent even if you have already made
 2  statements to law enforcement officers.  You are not required to
 3  answer any questions that law enforcement officers ask you from
 4  this moment on.  For that reason, I suggest that you consult
 5  with your attorney or attorneys before answering any questions
 6  that may be put to you, including questions that I will ask you
 7  during this proceeding.
 8          Do you understand that, Mr. Okparaeke?
 9          THE DEFENDANT:  Yes, I do.
10          THE COURT:  All right.  At this time I am going to ask
11  that my courtroom deputy place the defendant under oath or
12  affirmation.
13          (Chukwuemeka Okparaeke sworn)
14          THE COURT:  All right.  You may be seated.  The record
15  should reflect that the defendant has been sworn in.
16          All right.  It is important, Mr. Okparaeke, for you to
17  understand that if you knowingly make a false statement during
18  these proceedings, you could be subject to prosecution for
19  perjury for making a false statement to the Court, and you could
20  face punishment up to five years' imprisonment and a $250,000
21  fine for committing perjury, and this punishment will be
22  separate and apart from any sentence you may be facing on the
23  crimes charged in the Superseding Indictment, more specifically
24  Superseding Indictment Number 3.  Do you understand this?
25          THE DEFENDANT:  Yes, I do.
```

```
1              THE COURT:  It's also important for you to understand
2    any false statements that you make during this proceeding, as
3    well as any false statements that you may have made to pretrial
4    services may be used against you at the trial if you decide to
5    testify.  Do you understand this?
6              THE DEFENDANT:  Yes, I do.
7              THE COURT:  All right.  Can you please state your full
8    name for the record?
9              THE DEFENDANT:  It's Chukwuemeka Okoro Okparaeke.
10             THE COURT:  How old are you?
11             THE DEFENDANT:  I am 30 years old.
12             THE COURT:  Do you have any difficulty reading,
13   writing or -- reading, writing, speaking or understanding the
14   English language?
15             THE DEFENDANT:  No, I don't.
16             THE COURT:  How far did you go in your schooling?
17             THE DEFENDANT:  College.
18             THE COURT:  Have you ever been hospitalized or treated
19   for narcotic or alcohol addiction?
20             THE DEFENDANT:  Yes, I did.
21             THE COURT:  Okay.  What were you hospitalized for or
22   treated for?
23             THE DEFENDANT:  March 2016, I was in the hospital for
24   three days for benzodiazepine overdose.
25             THE COURT:  I'm sorry?
```

```
1                THE DEFENDANT:  Benzodiazepine overdose.
2                THE COURT:  That was a drug overdose?
3                THE DEFENDANT:  Yes.  March 2016.
4                THE COURT:  Okay.  And did you receive treatment
5    thereafter for that?
6                THE DEFENDANT:  Yes, I did.
7                THE COURT:  All right.  And that -- were you placed on
8    any medication?
9                THE DEFENDANT:  I think I was.
10               THE COURT:  For how long?
11               THE DEFENDANT:  Excuse me?
12               THE COURT:  For how long?
13               THE DEFENDANT:  I think probably for a month.
14               THE COURT:  Okay.  And thereafter, there was no need
15   for further medication?
16               THE DEFENDANT:  No.  No need for further medication.
17               THE COURT:  Okay.  So is your treatment of that
18   overdose, is it fair to say that it's complete and over with?
19               THE DEFENDANT:  Yes.  It's over.
20               THE COURT:  Okay.  Does that episode affect your
21   ability to understand what is happening here in court?
22               THE DEFENDANT:  No, it doesn't.
23               THE COURT:  Okay.  Have you taken or used any drugs,
24   marijuana, alcohol or medication within the last 24 hours?
25               THE DEFENDANT:  No, I have not.
```

1           THE COURT:  Okay.  And do you suffer from any physical
2  or mental problems which prevents you from fully understanding
3  these proceedings?
4           THE DEFENDANT:  No, I don't.
5           THE COURT:  Okay.  Mr. Okparaeke, you have an absolute
6  right to be represented by counsel at this and every stage of
7  the proceeding against you, including representation during any
8  questioning by authorities, during any lineup, and all court
9  proceedings, including this one.  You have the right to consult
10 with your attorney prior to answering any questions.  Do you
11 understand these rights?
12          THE DEFENDANT:  Yes, I do.
13          THE COURT:  Mr. Okparaeke, you have been charged with
14 violating the federal law based on a Superseding Indictment.
15 Have you had an opportunity to review the Superseding
16 Indictment, Superseding Indictment Number 3?
17          THE DEFENDANT:  Yeah, I have read it.
18          THE COURT:  All right.  And did you go over the
19 Superseding Indictment with your attorney?
20          THE DEFENDANT:  Yes, I have.
21          THE COURT:  All right.  Mr. Mirvis, have you had an
22 opportunity to review the Superseding Indictment with your
23 client?
24          MR. MIRVIS:  I have, Your Honor.
25          THE COURT:  All right.  Are you satisfied that he

1 understands the charges?

2     MR. MIRVIS: I am, Judge.

3     THE COURT: All right. Do you waive public reading of
4 Superseding Indictment Number 3 at this time?

5     MR. MIRVIS: I do waive the public reading.

6     THE COURT: All right. And for purposes of
7 arraignment, arraignment purposes only, how does your client
8 plead to Superseding Indictment Number 3?

9     MR. MIRVIS: Not guilty to all charges.

10     THE COURT: Okay. All right. So we will proceed to a
11 status conference.

12     It's my understanding that Superseding Indictment
13 Number 3 has eight charges, and while some of the charges are
14 very similar to those previously charged, all right, there are
15 additional charges, correct?

16     MS. GROSSMAN: That's correct, Your Honor.

17     THE COURT: And one deals with the distribution of a
18 substance containing fentanyl, which resulted in someone's
19 death?

20     MS. GROSSMAN: Your Honor, Count Eight charges the
21 distribution of U-47700, which at the time of the distribution
22 was a controlled substance analogue that resulted in a death.

23     THE COURT: Okay. And that changes the entire
24 complexion of the case, does it not? It exposes the defendant
25 to a greater sentence.

1              MS. GROSSMAN:  That is true, Your Honor.

2              THE COURT:  Okay.  There are also charges that relate
3     to the use of synthetics, all right?  There are either new items
4     that were added.

5              MS. GROSSMAN:  That is true, Your Honor.  We removed
6     U-47700 and furanyl fentanyl from what had been Count One in the
7     previous indictments.  Both of those drugs were scheduled about
8     halfway through the offense conduct in this case.  When they are
9     controlled substance analogues, the government must prove
10    different elements than when they are controlled substances, and
11    so we added a count charging conspiracy to distribute them as
12    controlled substance analogues for the period before they were
13    scheduled and a count charging them as controlled substances for
14    the period after they were scheduled.

15             THE COURT:  Okay.  Well, I have a question for defense
16    counsel because we have had motion practice on this matter.  The
17    question is whether or not, based on the new Indictment, whether
18    or not you believe you may -- there may be some motion practice
19    in this case.

20             MR. MIRVIS:  Judge, I currently do not believe I am
21    going to be filing further motions.  I don't think I am going to
22    be filing any further motions.

23             THE COURT:  Okay.  The other question that I have,
24    whether or not there is additional discovery that has to be
25    turned over?

1         MS. GROSSMAN: Your Honor, the additional discovery
2 has been turned over. It was produced on December 18th, 2018,
3 December 28, 2018, January 19th, 2019, and January 28th, 2019,
4 and it consists -- would you like me to describe it?
5         THE COURT: If you can.
6         MS. GROSSMAN: It consists primarily of extractions of
7 the overdose -- of the overdose victim's cell phone and laptop,
8 a report of an interview with his mother, records for the
9 victim's AlphaBay accounts, lab reports, the autopsy and
10 toxicology report, and the Vancouver, Washington Police
11 Department case file.
12         THE COURT: All right. Now, it's my understanding you
13 acknowledge receipt of that discovery?
14         MR. MIRVIS: Yes, Judge.
15         THE COURT: All right. If I am not mistaken, we had a
16 scheduled trial date --
17         MR. MIRVIS: We did, Judge.
18         THE COURT: -- of March 1st.
19         MR. MIRVIS: Yes.
20         THE COURT: So what does that do to your case related
21 to the defendant?
22         MR. MIRVIS: Judge, I need more time in light of the
23 new charges. I believe it would be doing a disservice to
24 Mr. Okparaeke to rush into and go forward with the March 4th
25 trial date. There is a tremendous amount of new information

1  that I need to look into based on the new charges and the

2  additional discovery.

3          So although I don't anticipate filing any further

4  pretrial motions, I do need more time to prepare for the trial.

5          THE COURT: And how much more time do you need?

6          MR. MIRVIS: Judge, I was thinking six, six weeks at

7  the low end, eight weeks at the higher end.

8          THE COURT: Would the government like to respond?

9          MS. GROSSMAN: We have no objection, Your Honor.

10         THE COURT: All right. Can I ask when the government

11 knew of these new claims or these new claims that resulted in

12 additional charges? because this is becoming a habit with cases

13 that I scheduled for trial, the cases where I take a significant

14 portion of my calendar, and I set it aside, and I wind up having

15 other cases, and I wind up pushing them aside because the

16 government tells me that they are ready for trial on a certain

17 date and then in the thirteenth hour, a new Superseding

18 Indictment is charged with additional charges, and now I have to

19 adjust my calendar.

20         MS. GROSSMAN: Yes, Your Honor. We are very sorry for

21 the inconvenience to the Court.

22         The -- we had been investigating death resulting for

23 some time, and we had been urging the defendant to accept a plea

24 offer.

25         THE COURT: The plea offer really has nothing to do

1  with this --
2            MS. GROSSMAN:  Yes.
3            THE COURT:  -- with all due respect because the
4  defendant has every right, you know, to, you know, not to seek a
5  plea disposition and, you know, to move to trial.  So the
6  plea -- you know, the plea discussions, you know, really have
7  nothing to do with this discussion.
8            MS. GROSSMAN:  Absolutely, Your Honor.
9            We received new information in the middle of December
10 that enabled us to charge the overdose death as -- and
11 superseded on January 7th, 2019.
12           THE COURT:  All right.  Give me a moment because now I
13 have to put together a new trial schedule, and I'm not sure that
14 I have an April date, and I am not sure that I have a May date,
15 and I am not sure that I even have a June date.
16           All right.  So that the record is clear, I may not
17 have a trial date until October, but I want the record to be
18 clear this is not of the Court's doing.
19           (Pause)
20           THE COURT:  All right.  So we are back on the record.
21           All right.  As I indicated before, I -- my calendar is
22 full.  The only time that I have available is October.  So you
23 are looking at a final pretrial conference date of October 11,
24 2013, at 10:30 a.m.
25           Typically I have those on Fridays, and then the trial

1  would commence on October 15th, 2019, and I have set aside three
2  to four weeks in my calendar.  All right.
3            Motions in limine are to be served and filed on
4  September 15th.  Opposition to any motions in limine have to be
5  served and filed on September 20th, and any replies are to be
6  served and filed on September 27th.
7            Your voir dire, witness lists, tabbed exhibit list,
8  jury charge and proposed verdict sheets or forms in the binder
9  are due October 1st, 2019.  Exhibits:  Plaintiff's
10 numerically -- or the government numerical exhibits, defendant
11 alphabetical exhibits.  All right?
12           3500 material, I am going to request that the 3500
13 material be turned over October 8, 2019.  All right?
14           Now, there is a possibility that I have three or
15 four weeks in May.  Just can we go off the record for a second?
16           (Pause)
17           THE COURT:  There is a possibility that I may have
18 some time in May because there is another case, the mortgage
19 fraud case.  I am just guessing that there is a possibility, you
20 know, just my feeling of the case that there is a possibility
21 that they may take a plea.  Your office would have more
22 information on this.  So if there is a possibility, and because
23 that case is scheduled, I have it down for a final pretrial
24 conference May 3rd, but if you can let me know in the event that
25 there is -- because I think there are three defendants still

1  outstanding -- still that have yet to take a plea and are
2  scheduled for trial, but if that case folds before May 3rd, I
3  will ask you to notify me and notify defense counsel because I
4  would then move that case -- move this case into that time slot.
5  All right?
6           And just in case we do that, I am going to give you
7  the schedule, all right, for May.  All right.  The motion for
8  May would be a pretrial conference dated May 3rd, 2019 at
9  2:00 p.m.  The trial date for the trial would commence on May 6.
10 Any motions in limine to be served and filed April 4th,
11 opposition April 11th, reply April 18th.
12           Again, your binder with the proposed voir dire,
13 exhibit list, jury charge and verdict -- proposed verdict form,
14 April 24th, and your 3500 materials would be due on April 29th.
15           All right.  I would also ask the government in the
16 event that that case remains on the trial calendar and is going
17 to be tried, the earlier you know and you can let me know, if
18 you could just give me a notification.  Looks like this trial is
19 ready to move forward.  This way I am not -- you know, I have a
20 better sense of how to handle my calendar.
21           All right?  Again, the record should reflect that the
22 only reason why I am giving you the October date is because I
23 am -- you know, I have a lot of trials already scheduled between
24 now and then.
25           Is there anything else that needs to be discussed or

1  put on the record?
2           MS. GROSSMAN:  Your Honor, with the Court's
3  permission, we'd just like to create a brief record of the plea
4  offers that were extended and withdrawn or rejected in this
5  case.
6           THE COURT:  I would also ask that you indicate on the
7  record what the defendant's current exposure is based on the new
8  Superseding Indictment, on Superseding Indictment Number 3.
9           MS. GROSSMAN:  Yes, Your Honor.
10          The defendant's current exposure is he faces a
11 mandatory -- if convicted on all counts, he faces a mandatory
12 minimum sentence of 20 years on Count Eight and a maximum
13 sentence of life.
14          On December 13, 2018, the government extended a plea
15 offer to the defendant.  That was to Count Two of Indictment
16 S1:17-cr-225 to importation of 100 grams or more of acryl
17 fentanyl.  The guidelines range was 135 to 168 months with a
18 mandatory minimum of 120 months.  That offer was revoked by the
19 government via email on December 21st, 2018, because we had
20 become in a position charge death resulting.
21          We then extended another plea offer on that same date,
22 December 21st, 2018, to a two-count proposed information.  Count
23 One was to distribution and possession with intent to distribute
24 a quantity of U-47700, and Count Two, with importation of 100
25 grams or more of acryl fentanyl, and the guidelines range for

1 that plea agreement was 210 to 262 months' imprisonment with a
2 mandatory minimum term of 120 months.
3      That plea offer, if accepted, would have required the
4 defendant to allocute to death resulting, but not -- would not
5 have exposed him to the 20-year mandatory minimum sentence, and
6 that offer was rejected by the defendant via email on
7 January 4th, 2019.
8      THE COURT:  Okay.
9      You acknowledge receipt of those offers?
10     MR. MIRVIS:  Yes, Judge.  Absolutely.  And I did
11 discuss the offers with Mr. Okparaeke, and after consultation
12 and discussion with Mr. Okparaeke, we rejected the offers.
13     THE COURT:  Okay.  All right.  So what are we doing
14 with the time between now and the scheduled trial dates?
15     MS. GROSSMAN:  Your Honor, we do have an application
16 to exclude, in an abundance of caution, before making that
17 application, we wanted to ask if the Court would be willing to
18 allocute Mr. Okparaeke on his receipt and rejection of those --
19 well, the second offer.  The first one was withdrawn by the
20 government.
21     THE COURT:  All right.  Mr. Okparaeke, I am going to
22 remind you that you are still under oath.  You can remain
23 seated, but I am reminding you that you are still under oath.
24     It's my understanding that the government has had
25 discussions with your attorney, Mr. Mirvis, and that there was a

1  plea offer that was made on December 21st, 2018.  That plea
2  offer required you to plead guilty to Count One and Count Two of
3  Superseding Indictment Number 3; is that correct?
4           MS. GROSSMAN:  No.  It would have been to a proposed
5  information --
6           THE COURT:  Oh, I am sorry.
7           MS. GROSSMAN:  -- which included.
8           THE COURT:  To a proposed information?
9           MS. GROSSMAN:  Yes, Your Honor.
10          THE COURT:  Do you have a copy of the plea offer?
11          MS. GROSSMAN:  We can certainly --
12          THE COURT:  Well, let's do this:  Why don't you put
13 the plea offer on the record again? and I am going to ask
14 defendant to listen very carefully.
15          This is the plea offer that the government says they
16 conveyed to you on December 21st.
17          MS. GROSSMAN:  The offer was dated December 21st, 2018
18 to a two-count proposed information.
19          Count One of the proposed information charged
20 distribution and possession with intent to distribute U-47700 in
21 violation of Title 21 United States Code Sections 841(a)(1),
22 841(b)(1)(C); and Count Two of the proposed information charged
23 importation of 100 grams or more of acryl fentanyl in violation
24 of Title 21 United States Code Sections 813, 952(a), 960(a)(1).
25 960(b)(1)(F) and 963.

1                The guidelines range calculated in that plea agreement
2    was 210 to 262 months' imprisonment with a mandatory minimum
3    term of 120 months.  The offer required the defendant to
4    allocute to death resulting, but did not expose him to a 20-year
5    mandatory minimum sentence.
6                THE COURT:  All right.  Mr. Okparaeke, did you hear
7    what the government's attorney has just stated?
8                THE DEFENDANT:  Yes.  I did hear what they said.
9                THE COURT:  All right.  And do you understand that
10   that plea offer was made to you back on or about December 21st,
11   2018?
12               THE DEFENDANT:  Yes, I do understand, Your Honor.  If
13   I can interject?
14               THE COURT:  Just bear with me.
15               And did you discuss that plea offer with your
16   attorney?
17               THE DEFENDANT:  Yeah.  I spoke about it with
18   Mr. Mirvis.
19               THE COURT:  Okay.  And it's my understanding that
20   after discussing the plea offer with your attorney, you have
21   rejected that plea offer?
22               THE DEFENDANT:  Yes, I did, Your Honor.
23               THE COURT:  Okay.  Before you say anything more, I am
24   going to ask you to consult with your attorney and indicate to
25   him what it is that you would like to say because anything that

1  you say here could be used against you.  So prior to you making
2  any statements, you should speak to your attorney before you put
3  anything on the record.
4           MR. MIRVIS:  He has nothing else to say.
5           THE COURT:  Okay.  All right.  Counselor, does that
6  satisfy your request?
7           MS. GROSSMAN:  Thank you very much, Judge.  It does.
8           THE COURT:  Okay.  Is there anything further that we
9  need to do?
10          MS. GROSSMAN:  Your Honor --
11          THE COURT:  The bail conditions remain the same.
12 There is no application that the bail conditions be modified or
13 changed.  Neither parties are requesting a modification.
14          Is there anything else?
15          MR. MIRVIS:  We wouldn't object to a dismissal, but --
16          THE COURT:  I am sorry?
17          MR. MIRVIS:  It was a joke.
18          THE COURT:  Okay.
19          MS. GROSSMAN:  Your Honor, the government has an
20 application for the exclusion of time.  We move to exclude time
21 through October 11, 2019 at 10:30 a.m. to allow the parties to
22 continue preparing for trial, and we will notify the Court and
23 defense counsel immediately if it appears that the mortgage
24 fraud case referenced during this conference will not proceed to
25 trial.

```
 1              THE COURT:  All right.  Do you have any objection?
 2              MR. MIRVIS:  No, Judge.
 3              THE COURT:  All right.  I am going to grant the
 4  application.  The Court finds pursuant to 18 U.S.C. Section 3161
 5  that the ends of justice are served by an exclusion of the
 6  speedy trial computation prepared from today's date through the
 7  October date of October 11th, 2019 outweigh the best interests
 8  of the public and defendant of a speedy trial because of the
 9  reasonable time necessary for effective preparation for trial,
10  for review of the discovery that was recently exchanged, to
11  allow for ongoing discussions regarding possible plea
12  dispositions, and, as indicated by counsel, for the preparation
13  for trial.  Accordingly, such time period is excluded
14  prospectively.
15              Anything else that we need to address?
16              MR. MIRVIS:  Nothing further.
17              MS. GROSSMAN:  No, Your Honor.  Thank you.
18              THE COURT:  All right.  Again, I remind the
19  government's attorney just keep me abreast of what's happening
20  with the other case because if that results in any pleas, then I
21  can move this case up into the April time slot.
22              MS. GROSSMAN:  Yes, Your Honor.  Thank you.
23              MR. MIRVIS:  With regards to that, how much notice
24  would I get if --
25              THE COURT:  I am going to try -- I am not going to --
```

1 I am not going to blindside you.
2       MR. MIRVIS:  Okay.
3       THE COURT:  All right.  As soon as I find out, I will
4 let you know, and if you tell me you are on trial or you have
5 other cases or that, you know, based on the lack of sufficient
6 notice you can't -- you can't proceed, then we have the October
7 trial date.  I am not going to sandbag you.  All right.  This
8 matter is adjourned.
9       MS. GROSSMAN:  Thank you, Judge.
10       (Time noted:  1:29 p.m.)