```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA
                                  :   CONSENT PRELIMINARY ORDER
          - v. -                      OF FORFEITURE AS TO
                                  :   SPECIFIC PROPERTY/MONEY
CHUKWUEMEKA OKPARAEKE,                JUDGMENT
    a/k/a "Emeka,"                :
                                      S4 17 Cr. 225 (NSR)
              Defendant.          :
- - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about October 15, 2020, CHUKWUEMEKA OKPARAEKE, a/k/a "Emeka," (the "defendant"), was charged in a three-count superseding information, S4 17 Cr. 225 (NSR) (the "Information"), with distributing and possessing with intent to distribute mixtures and substances containing a detectable amount of 3,4-Dichloro-N-[2-(dimethylamino)cyclohexyl]-N-methylbenzamide (known as "U-47700"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of 3,4-dichloro-N-[(1-dimethylamino)cyclohexylmethyl]- benzamide (known as "AH-7921"), that was intended for human consumption and is treated as controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C) (Count One); importing 100 grams and more of acrylfentanyl, a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), of fentanyl, that was intended for human consumption and is treated as controlled

substance in Schedule I of the Controlled Substances Act, from in or about January 2017 up to and including in or about February 2017, in violation of Title 21, United States Code, Sections 813, 952(a), 960(a)(1), 960(b)(1)(F), and 963 (Count Two); and making false statements on or about September 15, 2020 during a meeting with representatives of the United States Attorney's Office for the Southern District of New York and the United States Postal Inspection Service, in violation of Title 18, United States Code, Section 1001 (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One and Two of the Information, including but not limited to:

    a.   a sum of money equal to $105,177.30 in United States currency, representing the amount of proceeds traceable to the

commission of the offenses charged in Counts One and Two of the Information, other than the specific property described below; and

   b. all right, title and interest of the defendant in the following specific property: 680.60963624 bitcoins, contained in the bitcoin address 3DTSBzmieF8tAECqsDJttf2BeKnar8caQU (the "Specific Property").

   WHEREAS, on or about October 15, 2020, the defendant pleaded guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit, pursuant to Title 21, United States Code, Section 853, the following: (i) a sum of money equal to $105,177.30 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, other than the Specific Property; and (ii) all right, title and interest of the defendant in the Specific Property;

   WHEREAS, the defendant consents to the entry of a money judgment in the amount of $105,177.30 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the defendant personally obtained;

WHEREAS, the defendant further consents to the forfeiture of all his right, title, and interest in the Specific Property, which constitutes proceeds of the offenses charged in Counts One and Two of the Information;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney AUDREY STRAUSS, Acting United States Attorney, Assistant United States Attorneys Gillian Grossman, Sagar Ravi, and Olga Zverovich, of counsel, and the defendant, and his stand-by counsel, Margaret Shalley, Esq., that:

1.  As a result of the offenses charged in Counts One and Two of the Information, to which the defendant pleaded guilty,

4

a money judgment in the amount of $105,177.30 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the defendant personally obtained, shall be entered against the defendant.

2. As a result of the offenses charged in Counts One and Two of the Information, to which the defendant pleaded guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. The defendant shall take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the execution of all necessary documentation. In addition, the defendant shall take all necessary steps to transfer the Specific Property to the United States, including, but not limited to, providing the passwords, seed phrases, and/or private keys required to access the Specific Property and any bitcoin wallets and/or accounts where the Specific Property is stored.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property /Money Judgment is final as to the defendant,

5

CHUKWUEMEKA OKPARAEKE, a/k/a "Emeka," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

6. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rule(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture

Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.   The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.   Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person

who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. The Money Judgment will not be offset by the value of the Specific Property, because the Money Judgment represents proceeds of the offense that have been dissipated.

12. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[SPACE INTENTIONALLY LEFT BLANK]

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____     9/22/2020
    GILLIAN GROSSMAN                 _____
    SAGAR RAVI                       DATE
    OLGA ZVEROVICH
    Assistant United States Attorneys
    Southern District of New York
    One St. Andrew's Plaza
    New York, NY 10007
    Tel: (212)637-2188/2195/2514

CHUKWUEMEKA OKPARAEKE, a/k/a "Emeka,"
Defendant

By:  /s/ Chukwuemeka Okparaeke       10/7/2020
    _____      _____
    CHUKWUEMEKA OKPARAEKE (pro se)   DATE

By:  /s/ Margaret M. Shalley         10/7/2020
    _____      _____
    Margaret Shalley, Esq.           DATE
    Stand-by counsel for
    CHUKWUEMEKA OKPARAEKE

SO ORDERED:

_____          _____
THE HONORABLE NELSON S. ROMÁN        DATE
UNITED STATES DISTRICT JUDGE