USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v.-

CHUKWUEMEKA OKPARAEKE,

                Defendant.

17 cr 225 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    =On October 15, 2020, Defendant was charged by Superseding Felony Information (S4) with one count of distributing and possessing with intent to distribute a controlled substance analogue in violation of 21 U.S.C. §§ 813, 841(a)(1), and 841(b)(1)(C); one count of importing and attempting to important a controlled substance analogue in violation of 21 U.S.C. §§ 813, 952(a), 960(a)(1), 960(b)(1)(f), and 963; and one count of making a materially false statement in violation of 18 U.S.C. § 1001. (ECF No. 157.) Following waiver of indictment, Defendant entered a guilty plea before Magistrate Judge Paul E. Davison as to all three counts. On February 4, 2021, this Court issued an Order accepting Defendant's plea allocution. (ECF No. 170.) On May 14, 2021, Defendant moved to withdraw his guilty pleas as to Counts One and Three.[1] (ECF No. 175.) On June 11, 2021, the Government opposed Defendant's motion (ECF No. 186) and on June 29, 2021, Defendant replied to the Government's opposition. (ECF No. 187.) For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

---

[1] Defendant also moved for a *Fatico* hearing, but subsequently withdrew his motion on June 3, 2021. (ECF Nos. 183 & 184.)

**I.      Count One**

Count One of the Superseding Felony Information (S4) charges:

> 1.      In or about November 2016, in the Southern District of New York and elsewhere, [Defendant] intentionally and knowingly distributed and possessed with intent to distribute a controlled substance analogue.
>
> 2.      The controlled substance analogue that [Defendant] intentionally and knowingly distributed and possessed with intent to distribute was 3,4-Dichloro-N-[2-(dimethylamino)cyclohexyl]-N methylbenzamide (known as "U-47700"), a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32) of 3,4-dichloro-N-[(1-dimethylamino)cyclohexylmethyl]benzamide (known as "AH-7921"), that was intended for human consumption and is treated as controlled substance in Schedule I of the Controlled Substances Act, in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C).

(ECF No. 157)

Defendant moves to withdraw his plea of guilty on the basis that "AH-7921 was not properly added as a Schedule [I] controlled substance; therefore, U-47700 cannot be a controlled substance analogue." (ECF No. 175 at 1.) AH-7921 was added to Schedule I of the Single Convention of Narcotic Drugs, requiring the Drug Enforcement Administration ("DEA") to control it. (Govt Ex. B.) However, Defendant notes subtle differences in the chemical names proscribed to AH-7921 by the DEA in the Federal Register and the UN Commission for Narcotics:

> "3,4-dichloro-N-[(1-dimethylamino)cyclohexylmethyl]benzamide" **("FR AH-7921")**
>
> "3,4-dichloro-*N*-{[1-(dimethylamino)cyclohexyl]methyl}benzamide" **("UN AH-7921")**
> (*Id*.)

Specifically, Defendant alleges that the varying placement of parentheses around "1-dimethylamino" results in two different chemical structures. Defendant argues that the Attorney General does not have statutory authority to schedule substances other than those specifically required by treaty. Therefore, although Defendant concedes that the DEA had authority to schedule UN AH-7921, he argues that it lacked authority to schedule FR AH-7921. Defendant

2

contends that because the DEA lacked statutory authority and failed to abide by the Administrative Procedure Act ("APA"), its scheduling of FR AH-7921 was arbitrary and capricious and not in accordance with the law. As such, Defendant argues he is legally innocent.

## II. Count Three

Count Three of the Superseding Felony Information (S4) charges:

> On or about September 15, 2020, in the Southern District of New York, [Defendant], in a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered by a trick, scheme, and device a material fact, and made a materially false, fictitious, and fraudulent statement and representation, to wit, during a meeting with representatives of the United States Attorney's Office for the Southern District of New York and the United States Postal Inspection Service, [Defendant] falsely and fraudulently represented, in sum and substance, that approximately 680 bitcoins were not in [Defendant's] possession and control and had been stolen from [Defendant] by a third party through hacking and other unauthorized access to [Defendant's] electronic accounts.

Defendant argues his plea should be withdrawn because during his allocution he did not "actually admit to knowing that the Bitcoins weren't actually stolen via a hack or admit that the Bitcoins were under his dominion." (ECF No. 175 at 3.)

## STANDARD

Federal Rule of Criminal Procedure 11 governs guilty pleas. Rule 11(d)(2)(B) provides in relevant part, that a defendant may withdraw a plea of guilty after the court accepts the plea but before it imposes a sentence provided the defendant can demonstrate "a fair and just reason" for withdrawing the plea. Although Rule 11 suggests that motions to withdraw a plea prior to sentencing are to be "liberally granted," *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir. 1992), the defendant bears the burden of demonstrating that there exist valid grounds for withdrawal of a plea, *United States v. Schmidt,* 373 F.3d 100, 102 (2d Cir. 2004) (citing *United States v. Couto,* 311 F.3d 179, 185 (2d Cir. 2002)). Courts must also be mindful that "society has

a strong interest in the finality of guilty pleas," and that allowing withdrawal of pleas "undermines confidence in the integrity of our judicial procedures." *United States v. Maher,* 108 F.3d 1513, 1529 (2d Cir. 1997) (internal citations omitted).

In determining whether the defendant has demonstrated a "fair and just reason" for the withdrawal, the Court may consider (1) whether the defendant has asserted his legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea. *See Couto*, 311 F.3d at 185. Courts may also consider whether the defendant has "raise[d] a significant question about the voluntariness of the original plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). Whether or not to grant a motion to withdraw a guilty plea is addressed to the broad discretion of the trial court. *See United States v. Saft*, 558 F.2d 1073, 1082 (2d Cir. 1977).

A defendant's mere change of heart prompted by a re-examination of the government's case or a re-examination of the potential penalty that may be imposed is insufficient to constitute a "fair and just reason" to withdraw a plea. *See Gonzalez*, 970 F.2d at 1100. Nor is defendant's distrust of the criminal justice system a basis for withdrawing a guilty plea. *United States v. Grimes*, 225 F.3d 254, 259 (2d Cir. 2000). Similarly, a "strategic miscalculation" does not warrant the setting aside of an otherwise valid guilty plea. *See United States v. Broce*, 488 U.S. 563, 571 (1989).

A defendant's self-incriminating statements made under oath at his plea allocution hearing are deemed to "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, a defendant's subsequent presentation of conclusory statements that simply

contradict what was said during the plea allocution are insufficient to withdraw a guilty plea. *See Torres*, 129 F.3d at 715. In order to prevail on a motion to withdraw a guilty plea, a defendant must not only claim innocence but must also proffer evidence which supports his claim of innocence. *See United States v. Piris*, 599 F. Supp. 2d 205, 214-15 (D. Conn. 2009) (citing *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001)).

A defendant seeking to withdraw his guilty plea is not automatically entitled to an evidentiary hearing unless he raises "some significant questions concerning the voluntariness or general validity of the plea." *Gonzalez*, 970 F.2d at 1095. Further, no hearing is required where the defendant has merely contradicted his previously sworn admission, makes only conclusory statements or provides inherently incredible statements in support of his motion to withdraw his plea. *Id.* at 1100. Lastly, the government need not demonstrate prejudice unless the defendant has made an initial showing warranting the granting of the application. *See Hirsch*, 239 F.3d at 225 (2d Cir. 2001).

## DISCUSSION

### I. Count One

*A. Legal Innocence*

Defendant's principal argument for withdrawing his plea as to Count One is that he is legally innocent because AH-7921 was improperly scheduled. To support his motion, Defendant provides drawings of the chemical structures of FR AH-7921 and UN AH-7921 which depict a slight structural difference and which Defendant indicates in his opposition were created by Professor Gregory B. Dudley. (Def. Ex. A.; ECF No. 187 at 2.) The Government disputes the accuracy of Defendant's drawings and refers to drawings constructed by its own expert, Dr. Michael L. Van Linn, using ChemDraw which show that the two chemical names produce

5

identical structures. (Govt Ex. C.) The Government also points to several pieces of scientific literature which refer to AH-7921 as both FR AH-7921 and UN AH-7921 interchangeably. (Govt Ex. D-F; http://chemspider.com/Chemical-Structure.163208.html (last visited July 9, 2021)). Further shedding doubt on Defendant's argument is the fact that his own expert previously referred to FR AH-7921's chemical structure as AH-7921. (Govt Ex. H.) Defendant disputes the Government's characterization of the scientific literature and argues that it shows that there are varying chemical names and structures for AH-7921. (ECF No. 187 at 2.)

However, the Court need not determine whether FR AH-7921 and UN AH-7921 are structurally identical. The directive requiring the scheduling of AH-7921 by the DEA referred to AH-7921 by shorthand only and not by a specific chemical name. (Govt Ex. B.) The Government has provided evidence that members of the scientific community consider the shorthand AH-7921 to refer to FR AH-7921 and Defendant has not provided evidence directly to the contrary. In fact, Defendant seemingly concedes that FR AH-7921 is a chemical name for AH-7921 and merely argues that there are *other, additional* chemical names for AH-7921. As such, Defendant has not provided sufficient evidence for the Court to question the validity of the scheduling of AH-7921.

Defendant does not dispute that he sold U-47700, that U-47700 is an analog of AH-7921, or that he knew selling U-47700 was illegal. Accordingly, because Defendant's legal innocence theory rests solely on his argument that AH-7921 was improperly scheduled, the Court finds Defendant's legal innocence theory does not support a finding of a "fair and just reason" to withdraw Defendant's plea.

  B. *Other Factors*

Other factors pertinent to a withdrawal of plea analysis also cut against Defendant. Defendant failed to move to withdraw his plea in a timely manner, instead waiting approximately seven months. Notably, Defendant does not assert any change of circumstances that occurred during that time period. No new discoveries pertaining to the chemical structure or composition of AH-7921 occurred after Defendant entered his plea and Defendant could have made a challenge to dismiss Count One under the same legal theory during earlier motion practice. In fact, the original Complaint against Defendant was filed on March 17, 2017 and Defendant has had multiple opportunities over the past four years to engage in motion practice, which he has taken full advantage of. Further, Defendant does not dispute the voluntariness of his plea or the accuracy of the statements he made during his allocution. Accordingly, Defendant has failed to provide a "fair and just reason" to withdraw his plea and Defendant's motion to withdraw his plea as to Count One is DENIED.

## II. Count Three

### A. *Legal Innocence*

Defendant's principal argument for withdrawing his plea as to Count Three is that he is legally innocent because he did not admit to "knowing that the Bitcoins weren't actually stolen via a hack or admit that the Bitcoins were under his dominion." To support this argument, Defendant points to the portion of his allocution in which the Court asked Defendant: "And you made that false statement knowingly and willfully and with knowledge that it was false?" to which Defendant replied "Yes, your Honor. I had reason to believe it was improbable, if not impossible, so I knew it was false." (Govt Ex. A 51:22-24.)

Defendant's argument that he never admitted to knowing the bitcoins were stolen is blatantly contradicted by the transcript of Defendant's allocution during which Defendant clearly stated:

7

- "They wanted bitcoins. I told them that the coins had been stolen. **This was not true.** I actually gave them the bitcoins as soon as I had the ability to give them the ability to access the bitcoins." (Govt Ex. A 51: 4-5.)
- "I told them that the bitcoins had been stolen. **This was not true.** I gave them the bitcoins as soon as I could give them the bitcoins. (*Id*. 51:16-18.)
- "I just asked for more time in regards to getting them the bitcoins. **I told them something that was not true** in regards to the bitcoins being stolen." (*Id*. 54:17-19.)

That Defendant additionally opined that it was "improbable, if not impossible" that the bitcoins had been stolen does not undermine Defendant's direct testimony that the bitcoins were not stolen and that Defendant's statements were not true. Further, although Defendant did not explicitly state that the bitcoins were under his control, he stated that they were not stolen and that he gave control of the bitcoins to the Government. Such transfer of control implies that Defendant had control over the bitcoins. Accordingly, the Court finds Defendant's legal innocence argument unpersuasive.

B.     *Other Factors*

Other factors pertinent to a withdrawal of plea analysis also cut against Defendant. Again, Defendant failed to move to withdraw his plea for approximately seven months and does not assert any change of circumstances that occurred during that time period. Second, Defendant does not dispute the voluntariness of his plea or the accuracy of the statements he made during his allocution. He does not now argue that the bitcoins were stolen or that he did not have control over them. Rather, he argues that his allocution was insufficient. Accordingly, Defendant is

unable to meet the burden of establishing a "fair and just reason" to withdraw his plead and his motion to withdraw his plea as to Count Three is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's motion to withdraw his pleas of guilty as to Counts One and Three of the Superseding Felony Information is DENIED.

Dated: July 16, 2021　　　　　　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge