UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                                   :

UNITED STATES OF AMERICA      :

                                                         :       S4 17 Cr. 225 (NSR)

       - v. -                  :

                                                         :

CHUKWUEMEKA OKPARAEKE,   :

                    Defendant.        :

                                                         :
-------------------------------------------------------x

## THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S SUPPLEMENTAL MOTION TO WITHDRAW HIS GUILTY PLEA

                                                          AUDREY STRAUSS
                                                          United States Attorney
                                                          Southern District of New York
                                                          *Attorney for the United States of America*

Sagar K. Ravi
Olga I. Zverovich
Gillian S. Grossman
Assistant United States Attorneys
    - *Of Counsel*

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to defendant Chukwuemeka Okparaeke's supplemental motion to withdraw his guilty plea to Count One of the S4 Information (the "Information").  (Dkt. No. 198).  Okparaeke's motion to withdraw his plea fails on both procedural grounds and the merits:  Pursuant to Federal Rule of Criminal Procedure 11(e), once a defendant has been sentenced, a plea may be set aside only on direct appeal or collateral attack.  As a result, Okparaeke's post-sentencing motion to withdraw his plea is procedurally barred and should be denied on that basis.   If this Court reaches the merits, it should deny the motion without a hearing because Okparaeke's untimely and conclusory challenge to Count One is meritless and falls far short of establishing a "fair and just" reason to withdraw his guilty plea.

## BACKGROUND

From at least July 2016 through March 2017, Okparaeke imported kilogram quantities of controlled substance analogues and Schedule I and II synthetic opioids—including acryl fentanyl, furanyl fentanyl, U-47700, and 4-ANPP—from Hong Kong and China into the United States. (Presentence Investigation Report ("PSR") ¶ 10).   To transact with customers and coordinate his narcotics sales, Okparaeke used a "darknet" website called AlphaBay Marketplace ("AlphaBay"), a now-inactive online black marketplace for contraband.  (*Id.*).

Okparaeke's drug trafficking resulted in the death of Tim Teklinski, an 18-year-old who lived with his mother in Vancouver, Washington.  (*Id.* ¶¶ 17-18).   In November 2016, Okparaeke sold three grams of U-47700 to Teklinski in an AlphaBay transaction.   (*Id.* ¶ 17).   Teklinski used the drugs purchased from Okparaeke and died in a U-47700 overdose on November 10, 2016. (*Id.*).   This sale of U-47700 formed the basis of Count One of the Information, which charged Okparaeke with distributing and possessing with intent to distribute U-47700, a controlled

substance analogue of AH-7921, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 813, 841(a)(1), and 841(b)(1)(C).

On October 15, 2020, Okparaeke appeared before the Honorable Paul E. Davison, consented to the filing of a three-count Information, and pled guilty to all three counts pursuant to a plea agreement. During the October 15 hearing, Judge Davison conducted a thorough guilty plea allocution of Okparaeke which complied in all respects with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. (*See* October 15, 2020 Plea Transcript ("Plea Tr.")). With respect to Count One in particular, Okparaeke admitted, under oath, to distributing U-47700 for human consumption and with knowledge that the substance was substantially similar to a Schedule I or II controlled substance. (Plea Tr. 44, 46-47). At the end of the proceeding, Judge Davison found that Okparaeke was "fully competent and capable of entering an informed plea" and that Okparaeke's pleas were "knowing and voluntary and . . . supported by an independent factual basis for each and every element of the crimes charged." (Plea Tr. 55-56). On February 4, 2021, this Court accepted Okparaeke's guilty pleas. (Dkt. No. 170).

On May 14, 2021, approximately seven months after his guilty pleas, Okparaeke filed a motion seeking to withdraw his guilty pleas to Counts One and Three of the Information. The Court denied the motion in an opinion and order issued on July 16, 2021. (Dkt. No. 190). On July 30, 2021, the Court sentenced Okparaeke to 180 months' imprisonment on Count One, 120 months' imprisonment on Count Two, and 22 months' imprisonment on Count Three, to be served concurrently, to be followed by a five-year term of supervised release. At his sentencing, Okparaeke informed the Court that he had filed a supplemental motion seeking to challenge Count One on the ground that U-47700 was an isomer—not a controlled substance analogue—of AH-

7921. The Court, however, had not received Okparaeke's filing, and Okparaeke admitted that he had not served a copy of his motion papers on the Government.[1]

On August 4, 2021, the Court received Okparaeke's supplemental motion to withdraw his guilty plea, which had been postmarked on August 2, 2021—three days after Okparaeke's sentencing proceeding. (Dkt. No. 198).[2] In his supplemental motion—which comprises all of three sentences—Okparaeke asserts, with no support, that U-47700 is an isomer of AH-7921 and therefore a controlled substance, not a controlled substance analogue. (*Id.*). As a result, Okparaeke argues, he is "legally innocent" of Count One. (*Id.*). For the reasons set forth below, Okparaeke's supplemental motion is both procedurally barred and meritless.

## ARGUMENT

### I. Okparaeke's Supplemental Motion to Withdraw His Plea Fails on Procedural Grounds

Okparaeke's supplemental motion to withdraw his guilty plea to Count One should be denied because the motion is procedurally improper post-sentencing. As set forth above, Okparaeke's motion was not postmarked until August 2, 2021—three days after his sentencing—and thus was not properly filed before that date. Pursuant to Federal Rule of Criminal Procedure 11(e), "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." *See* Fed. R. Crim. P. 11(e); *see also United States v. James*, 307 F. App'x 503, 505 (2d Cir. 2009) (summary

---

[1] On August 9, 2021, the Government ordered, on an expedited basis, a copy of the transcript from the July 30, 2021 sentencing proceeding. The court reporter assigned to that proceeding, however, was on vacation the week of August 9 and therefore unable to provide the Government with a transcript by August 13, 2021, the filing deadline for this response. If the Court would like a transcript of the sentencing proceeding, the Government will provide a copy as soon as it receives it.

[2] On the same day, Okparaeke filed a notice of interlocutory appeal from the Court's denial of his previous motion to withdraw his guilty plea. (Dkt. No. 199).

order) ("[Defendant] is not entitled to withdraw a guilty plea after sentencing if that sentence has not been vacated."); *United States v. Ramos*, 03 Cr. 724 (LAP), 09 Civ. 7938 (SAS), 2015 WL 8526247, at *3 (S.D.N.Y. Oct. 8. 2015) ("The present motion is clearly made after sentencing, and the sentence has not been vacated. . . . Accordingly, to the extent Defendant's motion seeks to withdraw his plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, it is unavailing."); *United States v. Vasquez*, 121 F. App'x 17, 18 (5th Cir. 2004) ("Vasquez's post-sentencing motion to withdraw his guilty plea was unauthorized and without jurisdictional basis. . . . Accordingly, this court lacks jurisdiction over any appeal arising from Vasquez's motion to withdraw his guilty plea."); *Hasbajrami v. United States*, 13 Civ. 6852, 11 Cr. 623, 2014 WL 4954596, at *5 n.3 (E.D.N.Y. Oct. 2, 2014) (citing Rule 11(e) and noting that "it is clear that at this stage, [the defendant] may not withdraw his plea based on a motion within the criminal case"). In light of the procedurally improper nature of Okparaeke's post-sentencing motion to withdraw his plea, the motion should be denied.

## II. Okparaeke's Supplemental Motion to Withdraw His Plea Fails on the Merits

### A. Applicable Law

A guilty plea is a "grave and solemn act." *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation and internal quotation marks omitted). "Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (citations and internal quotation marks omitted). Thus, "[a] defendant may not 'withdraw his guilty plea simply on a lark' and must not be permitted to 'degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess.'" *United States v. Mikhailin*, No. 12 Cr. 904, 2014 WL 5369645, at *4 (S.D.N.Y. Oct. 17, 2014) (quoting *Hyde*, 520 U.S. at

4

676-77); *see also United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) ("The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea."). Rather, prior to sentencing, a defendant may only withdraw a guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

The defendant bears the burden of establishing that his proffered reason is "fair and just" under Rule 11. *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008). "That burden has been described by the Second Circuit as 'stringent.'" *United States v. Grant*, No. 10 Cr. 431, 2014 WL 4828469, at *7 (S.D.N.Y. Sept. 25, 2014) (quoting *United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir. 2004)). Indeed, the burden is "plainly no less heavy" than the burden faced by "a defendant who challenges the sufficiency of the evidence to support his conviction after a jury verdict." *Maher*, 108 F.3d at 1530.

To determine whether the defendant has shown a "fair and just reason" to justify withdrawal, the Court considers, *inter alia*: "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *Schmidt*, 373 F.3d at 102-03 (citations and internal quotation marks omitted). The Court may also look to whether the defendant has "raise[d] a significant question about the voluntariness of the original plea." *Id.* at 103 (citation and internal quotation marks omitted). Regarding the prejudice factor, "[t]he Government is not required to show prejudice when opposing a defendant's motion to withdraw a guilty plea where the defendant has shown no sufficient grounds for permitting withdrawal; however, the presence or absence of such prejudice may be considered by the district court in exercising its discretion." *Gonzalez*, 970 F.2d at 1100.

The Court should consider the defendant's guilty plea allocution in ruling on a motion to withdraw a plea. "Solemn declarations in open court" during a plea allocution "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, "a defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

Finally, "[a] defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea." *Gonzalez*, 970 F.2d at 1100. Rather, a motion to withdraw a guilty plea should be denied without a hearing unless the defendant presents "some significant questions concerning the voluntariness or general validity of the plea." *Id.* "No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, . . . are simply conclusory" *id.*, or "merely contradict [the defendant's] earlier statements made under oath at his plea allocution," *Maher*, 108 F.3d at 1529 (citation and internal quotations marks omitted).

B. Discussion

Count One is based on Okparaeke's sale of U-47700 to Teklinski in early November 2016. At the time of this sale, U-47700 was not yet itself a scheduled controlled substance.[3] However, the Controlled Substance Analogue Enforcement Act of 1986 (the "Analogue Act") identifies a category of substances substantially similar to those listed on the federal controlled substance schedules, 21 U.S.C. § 802(32)(A), and instructs courts to treat those analogues, if intended for human consumption, as controlled substances listed on Schedule I for purposes of federal law, *id.*

---

[3] Effective November 14, 2016, four days after Teklinski's death, the U.S. Drug Enforcement Administration ("DEA") issued a final order temporarily placing U-47700 into Schedule I of the Controlled Substances Act, based "a finding by the Administrator that the placement of U-47700 into schedule I . . . is necessary to avoid an imminent hazard to the public safety." 81 Fed. Reg. 79389. Effective April 20, 2018, the DEA issued a final order placing U-47700 into Schedule I indefinitely. 83 Fed. Reg. 17486.

§ 813.  The Controlled Substances Act (the "CSA") in turn makes it unlawful knowingly to manufacture, distribute, or possess with intent to distribute controlled substances.  *Id.* § 841(a)(1).

Count One charged Okparaeke with knowingly distributing U-47700 as an analogue of AH-7921, which is (and was at all relevant times) a controlled substance listed in Schedule I.  *See* 21 C.F.R. § 1308.11.  During his plea allocution, Okparaeke admitted, under oath, that he in fact distributed U-47700 in November 2016, knowing that it was an illegal substance used for human consumption and that it was "substantially similar" to a controlled substance listed in Schedule I or II.  (Plea Tr. 44, 46-48).[4]  In his supplemental motion, Okparaeke does not dispute that he pled guilty to Count One knowingly and voluntarily or that there was an adequate factual basis for his plea.  Okparaeke also does not dispute that U-47700, which he distributed to Teklinski, is in fact substantially similar to the substance listed as AH-7921 in Schedule I of the CSA.  In other words, Okparaeke does not contest that he committed the act charged in Count One.

Rather, Okparaeke's sole argument rests on the claim that the Information incorrectly charged U-47700 as a controlled substance analogue.  In his supplemental motion, Okparaeke asserts, for the first time, that U-47700 is in fact an isomer of AH-7921.  On April 14, 2016, the DEA placed the isomers of AH-7921 into Schedule I as part of the same order scheduling AH-7921 itself.  *See* 81 Fed. Reg. 22023; *see also* 21 C.F.R. § 1308.11(b).  As a result, Okparaeke argues, on November 10, 2016, U-47700 was a controlled substance—not a controlled substance analogue.  *See* 21 U.S.C. § 802(32)(C)(i) (the term "controlled substance analogue" does not

---

[4] Okparaeke's allocution satisfied all the elements of the offense charged in Count One, and Okparaeke does not argue to the contrary.  *See McFadden v. United States*, 576 U.S. 186, 194-95 (2015) (holding that the knowledge requirement is satisfied, *inter alia*, when a defendant possesses the substance knowing the features that make it a controlled substance analogue, namely that it is substantially similar to a controlled substance in Schedule I or II).  Okparaeke also acknowledged that the use of the U-47700 that he distributed resulted in Teklinski's death.  (Plea Tr. 53-54).

7

include a "controlled substance").[5] For the reasons set forth below, this argument is devoid of factual support, meritless, and does not come close to establishing a "fair and just" reason for withdrawal of Okparaeke's plea.

The Government addresses the relevant factors below.

**1. Whether the Defendant Has Asserted His Legal Innocence**

While Okparaeke claims that he is legally innocent of Count One, his argument that U-47700 is in fact an isomer—not a controlled substance analogue—of AH-7921 is entirely without merit. As an initial matter, Okparaeke's three-sentence motion offers no factual support for his claim. Okparaeke summarily asserts, with no explanation, that U-47700 is an isomer of AH-7921—a statement that contradicts his sworn statements at his plea hearing that he distributed U-47700 for human consumption with knowledge of the features that make it a controlled substance analogue. (Plea Tr. 47-48). Okparaeke's conclusory motion does not come close to establishing a fair and just reason for withdrawing his plea. *See, e.g.*, *Torres*, 129 F.3d at 715 ("No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory").

Okparaeke's claim that U-47700 is an isomer of AH-7921, moreover, is wrong as a factual matter. At the Government's request, Dr. Christine Herdman, a Chemist in the Drug and Chemical Evaluation Section, Diversion Control Division at the DEA, prepared a declaration explaining that U-47700 is not in fact an isomer of AH-7921 under the pertinent statutes and regulations. (Exhibit A, Declaration of Christine Herdman, Ph.D. ("Herdman Decl.")). In

---

[5] Of note, this argument was available to Okparaeke at the pretrial stage of this case, and there has been no intervening change in the facts or law on this issue. Nonetheless, despite extensive pretrial motion practice, Okparaeke failed to raise this argument, either in his pretrial motions or in his previous motion to withdraw his plea, and waited until nine and a half months after his guilty plea to raise this argument for the first time.

particular, as set forth in Dr. Herdman's declaration, the only types of isomers of AH-7921 that are federally controlled are "optical" isomers. (*See* Herdman Decl. ¶¶ 7-8). Optical isomers "have the same types [of] atoms, the same number of atoms, are connected in the same order, and contain the same types [of] bonds between atoms," but "the atoms differ in their arrangement in space." (*Id.* ¶ 9). "AH-7921 and U-47700 differ in the order their atoms are connected" (*id.* ¶ 10), and therefore are not isomers within the meaning of 21 C.F.R. § 1308.11(b) and the CSA (*id.* ¶ 11). Okparaeke has failed to adduce any evidence or argument in support of his claim to the contrary. Indeed, if, as Okparaeke claims, U-44700 was in fact an isomer of AH-7921—and therefore already a Schedule I controlled substance on November 10, 2016—the DEA's order placing U-47700 into Schedule I on November 14, 2016 would have been entirely redundant.

In sum, Okparaeke's unsupported assertion that U-47700 was improperly charged in the Information as a controlled substance analogue, rather than as a controlled substance, has no basis in law or fact and thus fails to establish any "fair and just reason" for the withdrawal of Okparaeke's plea.

**2. The Amount of Time that Has Elapsed Between the Plea and the Motion**

With respect to the amount of time that has elapsed between the plea and the supplemental motion, Okparaeke failed, for nine and a half months, to move to withdraw his plea to Count One on the ground that U-47700 was improperly charged as an analogue—including in his original motion to withdraw his plea on May 14, 2021. This delay weighs heavily against his motion. *See, e.g.*, *United States v. Gil-Guerrero*, 759 F. App'x 12, 17 (2d Cir. 2018) (summary order) (no abuse of discretion in denying a motion to withdraw a plea where the defendant "waited approximately four months after his . . . plea hearing" to file the motion); *United States v. Grzybek*, 283 F. App'x 843, 845 (2d Cir. 2008) (summary order) (no abuse of discretion in determining that defendant's five-month delay in informing the district court that he intended to withdraw his guilty

9

plea weighed in favor of denying the motion); *United States v. Grimes*, 225 F.3d 254, 259 (2d Cir. 2000) (no abuse of discretion in denying the defendant's motion to withdraw his guilty plea where the defendant waited "almost five months" before indicating that he wished to do so); *Gonzalez*, 970 F.2d at 1100 (claim of innocence undercut by waiting nearly seven months after the plea); *United States v. Hudak*, No. 02 Cr. 853 (JFK), 2003 WL 22170606, at *4 (S.D.N.Y. Sept. 19, 2003) (finding that motion to withdraw guilty plea offered more than six months after defendant entered his guilty plea "ordinarily . . . would not countenance in favor of granting the withdrawal motion").

As the Court stated in its opinion denying Okparaeke's previous motion to withdraw his plea:

> Defendant failed to move to withdraw his plea in a timely manner, instead waiting approximately seven months.  Notably, Defendant does not assert any change of circumstances that occurred during that time period.  No new discoveries pertaining to the chemical structure or composition of AH-7921 occurred after Defendant entered his plea and Defendant could have made a challenge to dismiss Count One under the same legal theory during earlier motion practice.  In fact, the original Complaint against Defendant was filed on March 17, 2017 and Defendant has had multiple opportunities over the past four years to engage in motion practice, which he has taken full advantage of.

(Dkt. No. 190 at 7).  Okparaeke's supplemental motion offers no basis to revisit the Court's analysis of this factor.  Indeed, the supplemental motion—filed two and a half months after the original motion to withdraw his plea—is even less timely.

### 3. Whether the Defendant Has Raised a Significant Question About the Voluntariness of the Plea

With respect to the voluntariness of his plea, Okparaeke has made no claim, much less raised a "significant question," that his plea was involuntary.  *See Schmidt*, 373 F.3d at 103.  As with his previous motion to withdraw his plea, moreover, any such claim would be squarely belied

10

by Okparaeke's plea allocution, during which he acknowledged, under oath, that he understood his rights and was pleading guilty of his own volition.  (Plea Tr. 42-43).

### 4.  Whether the Government Would Be Prejudiced by a Withdrawal of the Plea

Finally, with respect to whether the Government would be prejudiced by a withdrawal of Okparaeke's plea, it is well established that "[t]he Government is not required to show prejudice when opposing a defendant's motion to withdraw a guilty plea where the defendant has shown no sufficient grounds for permitting withdrawal."  *Gonzalez*, 970 F.2d at 1100.  Here, Okparaeke has not made any showing of a "fair and just" reason warranting withdrawal.

### CONCLUSION

For the reasons set forth above, the defendant's supplemental motion should be denied in its entirety without a hearing.

Dated: New York, New York
       August 13, 2021

                                      Respectfully submitted,

                                      AUDREY STRAUSS
                                      United States Attorney

By:                                 
                                      Gillian S. Grossman / Sagar K. Ravi / Olga I. Zverovich
                                      Assistant United States Attorneys
                                      (212) 637-2188 / 2195 / 2514

cc:     Margaret Shalley, Esq., and Michael Bradley, Esq. (by ECF)
          Chukwuemeka Okparaeke (by mail)