```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _08/27/2021_

UNITED STATES OF AMERICA,

    -v.-

CHUKWUEMEKA OKPARAEKE,

               Defendant.

17 cr 225 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge

    On October 15, 2020, Defendant Chukwuemeka Okparaeke ("Defendant") was charged by Superseding Felony Information (S4) with one count of distribution and possession with intent to distribute a controlled substance analogue in violation of 21 U.S.C. §§ 813, 841(a)(1), and 841(b)(1)(C); one count of importing and attempting to import a controlled substance analogue in violation of 21 U.S.C. §§ 813, 952(a), 960(a)(1), 960(b)(1)(f), and 963; and one count of making a materially false statement in violation of 18 U.S.C. § 1001.  (ECF No. 157.) Following waiver of indictment, Defendant entered a guilty plea as to all three counts.  On May 14, 2021, Defendant moved to withdraw his guilty pleas as to counts one and three.  (ECF No. 175.)  The Court denied the Defendant's motion on July 16, 2021 (ECF No. 190), and he was sentenced on July 30, 2021.  On August 2, 2021, Defendant sent a letter purporting to be "a supplement to his motion to withdraw his plea" as to count one.  (ECF No. 198.)

    Federal Rule of Criminal Procedure 11 states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack."  Fed. R. Crim. P. 11(e); *see also Hasbajrami v. United States*, Nos. 13-CV-6852, 11-CR-623, 2014 WL 4954596, at *5 n.3 (E.D.N.Y. Oct. 2, 2014) (holding it was "clear" that the defendant could "not withdraw his plea based on a motion within the criminal

case" after he pled guilty and was sentenced), *United States v. Ramos*, 09 Civ. 7938 (SAS), 03 Cr. 724 (LAP), 09 Civ. 7938 (SAS), 2015 WL 8526247, at *3 (S.D.N.Y. Oct. 8. 2015) (holding the defendant could not move to withdraw his guilty plea where the motion was "clearly made after sentencing, and the sentence ha[d] not been vacated").  Defendant did not send his motion until two days after sentencing, and therefore he is procedurally barred from moving to withdraw his guilty plea.  Defendant has filed a notice of appeal challenging the denial of his first motion to withdraw his guilty plea, and can therefore litigate the issue at the Court of Appeals.

For the foregoing reasons, Defendant's motion to withdraw his plea of guilty as to Count One of the Superseding Felony Information is DENIED.

Dated: August 27, 2021                                                            SO ORDERED

White Plains, New York

_____

NELSON S. ROMÁN

United States District Judge