RECEIVED
NOV 29 2023
NELSON S. ROMÁN
U.S. DISTRICT JUDGE
S.D.N.Y.

11-22-23

Nelson S. Román
300 Quarropas St
White Plains, NY 10601

Re: US v. OKPARAEKE S4 17 Cr. 225 (NSR); OKPARAEKE v. US 23-cv-3353

Dear Judge,

I renew my request that my case be sent to the assignment committee. A perfunctory glance at my docket shows that the court has refused to docket various documents that I've sent. Enclosed in this letter is a supplement I sent in August of this year. It is nowhere on the docket because the Court has refused to docket it.

This is clear grounds for reassignment. The most basic function of the court is to docket documents sent by parties in Court. There is no reason for this case to continue in front of a Judge ~~assigned as the~~ who refuses to docket various arguments and documents.

Regards,

Chukwuemeka Okparaeke  78867054
P.O. Box 200, Canaan SPC
Waymart, PA 18472

MEMO ENDORSED

**The Court is in receipt of Def.'s letter dated November 22, 2023. As with all prior correspondence, Def.'s letter has been forwarded to his counsel of record.**
**Dated: November 29, 2023**
**White Plains, NY**

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/2023

TRULINCS 78867054 - OKPARAEKE, CHUKWUEMEKA - Unit: CAA-G-A

---

FROM: 78867054
TO:
SUBJECT: Response to Government's opposition
DATE: 11/18/2023 04:57:53 PM

Nelson S. Roman
300 Quarropas Street
White Plains, NY 10601



Re: US v. Okparaeke, s4 17 Cr. 225(NSR); Okparaeke v. US, 23-Cv-3353

Dear Judge,

The following was erroneously not included in the previous response to the Government's opposition.

1. The Government's use of the Second Circuits ruling in McCray is erroneous.

In the opposition, the government extensively quoted the Second Circuit's ruling in US v. McCray, 7 F.4th 40 (2d Cir. 2021). The government's synopsis of the contrast between Okparaeke's argument and McCray's argument is accurate: "In other words, while Okparaeke argues that a substance must be scheduled to be ana analogue of fentanyl, McCray argued that a substance cannot be scheduled to be an analogue of fentanyl." Opp. at page 24. The Government's contention that the reasoning in McCray being "instructive" is clearly erroneous because the Second Circuit only addressed McCray's argument which is clearly the opposite of Okparaeke's argument. If anything the ruling in McCray cuts in Okparaeke's favor because the Court stated, "...nowhere... does the term "controlled substance analogue" appear; and where that specialized term does not appear, we have no reason to apply its specialized definition." McCray at 45-46. 21 USC 960(b)(1)(F) is preceded by 21 USC 960(a)(1) which only includes the phrase "controlled substance". Since the phrase "controlled substance analogue" is nowhere to be seen in 21 USC 960(a)(1) its specialized definition cannot be applied to anything in subsection (b).

Therefore, the Government's claim that McCray supports their contention is wrong.

2. Okparaeke is also innocent of violating 21 USC 960(b)(1)(F) because Acrylfentanyl is not an analogue as defined by the Second Circuit in McCray.

In the opposition, the government quoted McCray's holding that the word analogue meant "a chemical compound structurally similar to another but differing often by a single element of the same valence and group of the periodic table as the element it replaces." Mcray at 46 (citing Webster's New Collegiate Dictionary (9th ed. 1985)). This is a very technical definition that drastically reduces the scope of prosecutions under this statute. The government did not provide information during the plea allocution that Acrylfentanyl differed by a single element of the same valence and group of the periodic table as the element it replaced; they solely stated that acrylfentanyl had a "substantially similar chemical and pharmacological effect" as fentanyl. This clearly fails to meet the rigors of the definition created in McCray. Not only did the government fail to provide any information about this, Okparaeke did not provide any information about acrylfentanyl's chemical structure.

Okparaeke reviewed a picture of fentanyl and acrylfentanyl: this picture failed to show that Acrylfentanyl differed from Fentanyl by a single element of the same valence and group. Therefore Okparaeke is actually innocent of violating this statute whether acrylfentanyl is a "controlled substance" or "controlled substance analogue". Okparaeke's plea allocution was not intelligent and voluntary because he was never notified about the definition of "analogue" as created in McCray. Therefore, Okparaeke is actually innocent of count two and his plea allocution was violative of the laws of the United States because he was never informed about the essential elements of the offense and no information was presented during his plea allocution that would have satisfied the rigorous requirements established by the Second Circuit in McCray.

Therefore, Okparaeke is actually innocent of violating the 21 USC 960(b)(1)(F) and his plea wasn't intelligent and knowing.

The following statement was made under the pains and penalties of perjury pursuant to 28 USC 1746.

i Chukwuemeka Okparaeke would never have plead guilty to count 2 of the criminal information had I been told that an analogue of fentanyl had to be a substance that differed from fentanyl by a single element of the same valence and group of the periodic table as the element it replaced. I was never informed of this by the magistrate judge.



LEHIGH VALLEY PA 180

THIS CORRESPONDENCE IS FROM AN INMATE CURRENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF PRISONS

CHUKWUEMEKA OUOMAEKE 78867054
P.O. Box 200, Canaan SPC
WAYMART, PA 18472

⇔78867-054⇔
Nelson Roman
300 Quarropas ST
White Plains, NY 10601
United States

RECEIVED
NOV 2 9 2023
NELSON S. ROMAN
U.S. DISTRICT JUDGE
S.D.N.Y.

10601-414000